JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

DEC 10 1997

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1203*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE DIET DRUGS (PHENTERMINE, FENFLURAMINE, DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE,* JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of nine actions listed on the attached Schedule A, one each pending in the following nine federal districts: the Central District of California, the Northern District of California, the District of Colorado, the District of the District of Columbia, the District of Hawaii, the Eastern District of Louisiana, the District of Minnesota, the Eastern District of New York and the District of Utah. Before the Panel are three motions seeking to centralize the actions in this litigation, pursuant to 28 U.S.C. §1407, in a single district for coordinated or consolidated pretrial proceedings. The first motion, brought by plaintiffs in five of the nine actions, seeks transfer to any district and judge deemed appropriate by the Panel. The other two motions, brought by plaintiffs in the Eastern District of Louisiana action and the District of Minnesota action, respectively, seek transfer to the Eastern District of Louisiana.[1] Plaintiffs in the Central District of California action as well as plaintiffs in more than 40 potential tag-along actions support Section 1407 transfer. The following defendants take no position on the propriety of Section 1407 transfer: American Home Products Corporation and its related entities; Interneuron Pharmaceuticals, Inc.; and Abana Pharmaceuticals, Inc. The following defendants oppose Section 1407 transfer: Medeva Pharmaceuticals, Inc.; Teva Pharmaceuticals, USA, Inc., and its sales division Gate Pharmaceuticals; SmithKline Beecham Corporation; Richwood Pharmaceutical Company, Inc.; Ion Laboratories, Inc.;

---

[*] Judge Bechtle recused himself and took no part in the decision of this matter.

[1] In addition to the nine actions before the Panel, the parties have advised the Panel of the pendency of more than 200 other federal court actions in 58 districts. These actions and any other related action will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 147 F.R.D. 589, 596-97 (1993).

Eon Labs Manufacturers, Inc.; and Zenith Goldline Pharmaceuticals, Inc. Plaintiffs in the District of the District of Columbia action as well as plaintiffs in sixteen potential tag-along actions also oppose transfer. Defendants The Camall Company and Pharmacia & Upjohn Company oppose transfer of the District of the District of Columbia action.

The responding parties, whether they support, oppose, or take no position on transfer, suggest a number of possible transferee forums for this nationwide litigation. For example, many defendants state a preference for either the Northern District of Texas or the Northern District of Illinois. Among the other federal districts suggested by responding parties are the Central District of California, the Northern District of California, the Southern District of California, the District of the District of Columbia, the Southern District of Florida, the District of New Mexico, the District of New Jersey, the Eastern District of New York, the Southern District of New York, the Southern District of Ohio, the District of Oregon, the Eastern District of Pennsylvania, and the District of South Carolina.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because the more than 200 federal court actions in this litigation focus on alleged defects in three prescription drugs — known by the chemical names fenfluramine, dexfenfluramine and phentermine — used in the treatment of obesity. In addition, approximately half of those actions are brought on behalf of alleged nationwide or statewide classes of users of these diet drugs. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent or repetitive pretrial rulings (especially with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

Opponents of transfer principally argue that non-common questions of fact relating to individual causation and damages will predominate in this litigation. We do not agree. On the basis of the record now before us, the core issues presented in the litigation involve the causal connection between use of the three diet drugs (singly or in combination) and the alleged incidence of serious side effects such as valvular heart disease and primary pulmonary hypertension. Moreover, the sheer size of the litigation, coupled with its rapid growth rate at the present time, serve to underscore the economies of scale that centralized pretrial management of the federal court actions will provide.

With respect to selection of the transferee district, we note that this is truly a nationwide litigation in which no particular district or region emerges as the geographic center of gravity. The parties to the litigation, in many instances motivated by transparently parochial concerns, have presented us with a lengthy list of suggested transferee forums. In response to this multitude of proffered choices, we have directed our attention to meeting the obvious need for a transferee judge with the ability and temperament to manage this large and growing litigation in an efficient and expeditious manner. To that end, we have selected Judge Louis C. Bechtle, a member of the Judicial Panel on Multidistrict Litigation and an experienced transferee judge. We are confident that we are

- 3 -

entrusting this important and challenging assignment to a distinguished jurist well versed in the intricacies of centralized pretrial proceedings under Section 1407.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Louis C. Bechtle for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

John F. Nangle
Chairman

## SCHEDULE A

MDL-1203 — In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability
        Litigation

### Central District of California

*Patricia J. Patzer, et al. v. Abana Pharmaceuticals, Inc., et al.*, C.A. No. 2:97-6035

### Northern District of California

*Natalie Gardner, et al. v. Gate Pharmaceuticals, et al.*, C.A. No. 3:97-2542

### District of Colorado

*Beverly Jean Earley v. Gate Pharmaceuticals, et al.*, C.A. No. 1:97-2034

### District of the District of Columbia

*National Association to Advance Fat Acceptance, Inc., et al. v. Donna E. Shalala, et al.*, C.A. No. 1:97-2018

### District of Hawaii

*Katherine Aina v. Wyeth-Ayerst Laboratories Co., et al.*, C.A. No. 1:97-1360

### Eastern District of Louisiana

*James Christopher Phillips v. American Home Products Corp.*, C.A. No. 2:97-2945

### District of Minnesota

*Barbara J. Clark v. American Home Products Corp., et al.*, C.A. No. 0:97-2208

### Eastern District of New York

*Joseph DiBenedetto, et al. v. Wyeth-Ayerst Laboratories Co. Division of American Home Products Corp., et al.*, C.A. No. 9:97-5405

### District of Utah

*Jacqueline Steffes v. Wyeth-Ayerst Laboratories Co., et al.*, C.A. No. 2:97-743

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JAN -6 1998

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1203*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE DIET DRUGS (PHENTERMINE, FENFLURAMINE, DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE,* JUDGES OF THE PANEL*

*AMENDED TRANSFER ORDER*

This litigation presently consists of nine actions listed on the attached Schedule A, one each pending in the following nine federal districts: the Central District of California, the Northern District of California, the District of Colorado, the District of the District of Columbia, the District of Hawaii, the Eastern District of Louisiana, the District of Minnesota, the Eastern District of New York and the District of Utah. Before the Panel are three motions seeking to centralize the actions in this litigation, pursuant to 28 U.S.C. §1407, in a single district for coordinated or consolidated pretrial proceedings. The first motion, brought by plaintiffs in five of the nine actions, seeks transfer to any district and judge deemed appropriate by the Panel. The other two motions, brought by plaintiffs in the Eastern District of Louisiana action and the District of Minnesota action, respectively, seek transfer to the Eastern District of Louisiana.[1] Plaintiffs in the Central District of California action as well as plaintiffs in more than 40 potential tag-along actions support Section 1407 transfer. The following defendants take no position on the propriety of Section 1407 transfer: American Home Products Corporation and its related entities; Interneuron Pharmaceuticals, Inc.; and Abana Pharmaceuticals, Inc. The following defendants oppose Section 1407 transfer: Medeva Pharmaceuticals, Inc.; Teva Pharmaceuticals, USA, Inc., and its sales division Gate Pharmaceuticals; SmithKline Beecham Corporation; Richwood Pharmaceutical Company, Inc.; Ion Laboratories, Inc.;

---

[*] Judge Bechtle recused himself and took no part in the decision of this matter.

[1] In addition to the nine actions before the Panel, the parties have advised the Panel of the pendency of more than 200 other federal court actions in 58 districts. These actions and any other related action will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 147 F.R.D. 589, 596-97 (1993).

- 2 -

Eon Labs Manufacturers, Inc.; and Zenith Goldline Pharmaceuticals, Inc. Plaintiffs in the District of the District of Columbia action as well as plaintiffs in sixteen potential tag-along actions also oppose transfer. Defendants The Camall Company and Pharmacia & Upjohn Company oppose transfer of the District of the District of Columbia action.

The responding parties, whether they support, oppose, or take no position on transfer, suggest a number of possible transferee forums for this nationwide litigation. For example, many defendants state a preference for either the Northern District of Texas or the Northern District of Illinois. Among the other federal districts suggested by responding parties are the Central District of California, the Northern District of California, the Southern District of California, the District of the District of Columbia, the Southern District of Florida, the District of New Mexico, the District of New Jersey, the Eastern District of New York, the Southern District of New York, the Southern District of Ohio, the District of Oregon, the Eastern District of Pennsylvania, and the District of South Carolina.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because the more than 200 federal court actions in this litigation focus on alleged defects in three prescription drugs — known by the chemical names fenfluramine, dexfenfluramine and phentermine — used in the treatment of obesity. In addition, approximately half of those actions are brought on behalf of alleged nationwide or statewide classes of users of these diet drugs. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent or repetitive pretrial rulings (especially with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

Opponents of transfer principally argue that non-common questions of fact relating to individual causation and damages will predominate in this litigation. We do not agree. On the basis of the record now before us, the core issues presented in the litigation involve the causal connection between use of the three diet drugs (singly or in combination) and the alleged incidence of serious side effects such as valvular heart disease and primary pulmonary hypertension. Moreover, the sheer size of the litigation, coupled with its rapid growth rate at the present time, serve to underscore the economies of scale that centralized pretrial management of the federal court actions will provide.

With respect to selection of the transferee district, we note that this is truly a nationwide litigation in which no particular district or region emerges as the geographic center of gravity. The parties to the litigation, in many instances motivated by transparently parochial concerns, have presented us with a lengthy list of suggested transferee forums. In response to this multitude of proffered choices, we have directed our attention to meeting the obvious need for a transferee judge with the ability and temperament to manage this large and growing litigation in an efficient and expeditious manner. To that end, we have selected Judge Louis C. Bechtle, a member of the Judicial Panel on Multidistrict Litigation and an experienced transferee judge. We are confident that we are

- 3 -

entrusting this important and challenging assignment to a distinguished jurist well versed in the intricacies of centralized pretrial proceedings under Section 1407.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Louis C. Bechtle for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that Panel Rule 19(a) be, and the same hereby is, suspended for this docket.[2]

FOR THE PANEL:

John F. Nangle
Chairman

---

[2] Panel Rule 19(a), *id.* at 601, requires clerks of transferor district courts to forward to the clerk of the transferee district court the complete original file and docket sheet for each transferred action. Because of the voluminous files anticipated in this docket, we are suspending this rule. Instead, we will rely on the judgment of the transferee judge to request from the transferor district clerks or the parties whatever case files and docket sheets he needs.

## SCHEDULE A

<u>MDL-1203 — In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation</u>

### Central District of California

*Patricia J. Patzer, et al. v. Abana Pharmaceuticals, Inc., et al.*, C.A. No. 2:97-6035

### Northern District of California

*Natalie Gardner, et al. v. Gate Pharmaceuticals, et al.*, C.A. No. 3:97-2542

### District of Colorado

*Beverly Jean Earley v. Gate Pharmaceuticals, et al.*, C.A. No. 1:97-2034

### District of the District of Columbia

*National Association to Advance Fat Acceptance, Inc., et al. v. Donna E. Shalala, et al.*, C.A. No. 1:97-2018

### District of Hawaii

*Katherine Aina v. Wyeth-Ayerst Laboratories Co., et al.*, C.A. No. 1:97-1360

### Eastern District of Louisiana

*James Christopher Phillips v. American Home Products Corp.*, C.A. No. 2:97-2945

### District of Minnesota

*Barbara J. Clark v. American Home Products Corp., et al.*, C.A. No. 0:97-2208

### Eastern District of New York

*Joseph DiBenedetto, et al. v. Wyeth-Ayerst Laboratories Co. Division of American Home Products Corp., et al.*, C.A. No. 9:97-5405

### District of Utah

*Jacqueline Steffes v. Wyeth-Ayerst Laboratories Co., et al.*, C.A. No. 2:97-743