MDL 1203

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 4 2004

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**In Re: DIET DRUGS PRODUCTS
(PHENTERMINE, FENFLURAMINE,
DEXFENFLURAMINE)PRODUCTS
LIABILITY LITIGATION**

**MDL Docket No. 1203**

## PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 121

COME NOW, Plaintiffs listed in Exhibit "A" attached hereto, pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on MultiDistrict Litigation, and respectfully move the Panel to vacate the Conditional Transfer Order (CTO-121) and as grounds for such state the following:

1.      These cases were originally filed in Florida state court alleging claims under Florida law for personal injuries which resulted from the use of diet drugs.

2.      Although complete diversity of jurisdiction does not exist, Defendants removed these cases alleging that federal jurisdiction exists based on diversity of citizenship because resident defendants are fraudulently joined.

3.      A Motion to Remand was filed and denied by the transferee court in all of these cases.

4.      The transferee court has granted certification of appeal of these orders

**OFFICIAL FILE COPY**

IMAGED JUN 24 '04

denying Remand pursuant to 28 U.S.C. 1292(b) in all of these cases.

     5.    A Petition for permission to appeal has been filed and is currently pending in the United States Court of Appeals for the Eleventh Circuit.

     6.    The issue on appeal is whether the transferee court properly applied the fraudulent joinder standard.

     7.    If the transferee court erred when it applied the fraudulent joinder standard, these cases are not subject to transfer.

     WHEREFORE, Plaintiffs move for an Order vacating CTO-121 in these cases to allow an opportunity for the appellate court to decide whether the transferee court properly applied the fraudulent joinder standard.

     **RESPECTFULLY SUBMITTED** this the 23rd day of June, 2004.

                        James F. McKenzie, Esquire
                        Florida Bar Number 163790
                        McKenzie, Taylor & Zarzaur, P.A.
                        905 East Hatton Street
                        Pensacola, FL  32503
                        (850) 432-2856
                        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 23rd day of June, 2004, a true copy of the foregoing has been furnished via First Class U.S. Mail to the attached service list.

James F. McKenzie, Esquire
Florida Bar Number: 163790
McKenzie, Taylor & Zarzaur, P.A.
905 East Hatton Street
Pensacola, FL 32503
(850) 432-2856
Attorneys for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 4 2004

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In Re: DIET DRUGS PRODUCTS
(PHENTERMINE, FENFLURAMINE,
DEXFENFLURAMINE)PRODUCTS
LIABILITY LITIGATION

**MDL Docket No. 1203**

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER 121

### I. INTRODUCTION

Defendants removed these cases to federal court pursuant to 28 U.S.C. section 1441. Defendants alleged that the sales representatives were fraudulently joined. Plaintiffs filed Motions to Remand these actions to state court. The transferee court denied Plaintiffs' Motions to Remand in these cases and held that Defendant sales representatives were fraudulently joined. The transferee court certified for appeal its orders denying Plaintiffs' Motions to Remand. Plaintiffs have filed a Petition for permission to appeal with the Eleventh Circuit Court of Appeals. On June 2, 2004, a conditional transfer order was issued for these cases. See CTO-119. Plaintiffs timely objected to CTO-119.

## II.  ARGUMENT

The transferee court has certified for appeal pursuant to 28 U.S.C. sec. 1292(b) its orders denying Plaintiffs' Motions to Remand.  See Exhibit "B" attached hereto. The transferee court certified that the orders denying remand involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. The issue raised on appeal is whether the transferee court properly applied the fraudulent joinder standard.  Plaintiffs assert that the transferee court erred when it found that subject matter jurisdiction exists in these cases.

A case can be transferred under Section 1407 only if the prospective transferor court has subject matter jurisdiction.  Bancohio Corp. v. Fox, 516 F.2d 29, 32 (6th Cir.1975); Farkas v. Bridgestone/Firestone, Inc., 113 F. Supp. 2d 1107, 1115 n.8 (W.D. Ky. 2000) ("the jurisdictional issue must be resolved before deciding whether to stay or transfer the case to the MDL panel"); Lloyd v. Cabell Huntington Hosp., Inc., 58 F. Supp. 2d 694, 696 (S.D. W.Va. 1999) ("this court cannot, however, stay proceedings in an action over which it lacks jurisdiction"); Stern v. Mut. Life Ins. Co., 968 F. Supp. 637, 639 (N.D. Ala. 1997) ("it is incumbent upon a court whose subject matter jurisdiction is questioned to make a determination as to whether it has, or does not have, jurisdiction over the action").

United States District Courts in Florida and Alabama applying the Eleventh Circuit fraudulent joinder standard when deciding identical issues have ordered remand holding that subject matter jurisdiction does not exist.  See Composite Exhibit "B" attached hereto: Little v. Wyeth-Ayerst Laboratories Inc., et al., Case No. 99-2244-CIV-

T-17F (holding that cause of action exists even if exhibits do not show that pharmaceutical representative called upon plaintiff's prescribing physician); <u>Wrisley v. Wyeth-Ayerst Laboratories Inc., et al.</u>, Case No. 99-2246-CIV-T-26C; <u>Morris v. Wyeth-Ayerst Laboratories Inc., et al.</u>, Case No. 99-2381-CIV-T-26C; <u>Martin v. Wyeth-Ayerst Laboratories Inc., et al.</u>, Case No. 99-2454-CIV-T-26A; <u>Snell v. Wyeth-Ayerst Laboratories Inc., et al.</u>, Case No. 99-2453-CIV-T-26A;  <u>Parent v. Wyeth et al.</u>, Case No. 2:03-cv-626-FTM-29SPC (M.D. Fla. Dec. 19, 2003); <u>Hroncich v. Wyeth, et al.</u>, Case No. 2:03-cv-659-FTM-29SPC (M.D. Fla. Jan. 12, 2004); <u>Campbell v. Wyeth, et al.</u>, Case No: 03-HGD-3364-M (N.D. Ala. Mar. 11,2004); <u>Carlisle v. Wyeth, et al.</u>, Case No: 04-HGD-0394-S (N.D. Ala. Mar. 11, 2004); <u>Hall v. Wyeth et al.</u>, Case No: 04-J-0434-NE (N.D. Ala. Mar. 9, 2004); <u>McGowan v. Wyeth</u>, Case No: 04-TMP-298-S (N.D. Ala. Feb. 24, 2004); <u>Johnson v. Wyeth</u>, Case No: 04-TMP-224-S (N.D. Ala. Feb. 23, 2004); <u>Marshal v. Wyeth</u>, Case No: 04-TMP-179-S (N.D. Ala. Feb. 18, 2004); <u>Helen Boswell, et al. v. Wyeth, et al.</u>, Case No:03-T-1256-N (M.D. Ala. Feb. 2, 2004); <u>Sara Blair, et al. v. Wyeth et al.</u>, Case No: 03-T-1251-S (M.D. Ala. Jan. 23, 2004); <u>Smith v. Wyeth</u>, Case No: 04-P-226-M (N.D. Ala. Feb. 27, 2004); <u>Rita Brunson v. Wyeth, et al.</u>, Case No: T-1167-S (M.D. Ala. Jan. 23, 2004); <u>Valerie Ballard, et al. v. Wyeth, et al.</u>, Case No: T-1255-N] (M.D. Ala. Jan. 23, 2004); <u>Stephanie Terrell, et al. v. Wyeth, et al.</u>, Case No: 03-BE-2876-S (N.D. Ala. Dec. 12, 2003); <u>Sharon Crittendon, et al. v. Wyeth, et al.</u>, Case No: 03-T-920-N (M.D. Ala. Nov. 21, 2003); <u>Sandra Cash v. Wyeth, et al.</u>, Case No: 03-RRA-3378-E (N.D. Ala. Feb. 3, 2004); <u>Sandra Storey v. Wyeth, et al.</u>, Case No: 04-BE-27-E (N.D. Ala. Jan. 30, 2004); <u>Pamela Floyd, et al. v. Wyeth, et al.</u>, Case No: 03-C-2564-M (N.D. Ala. Oct. 20, 2003; <u>Bryant v. Wyeth, et al.</u>, Case No: 02-632-BH-M

(S.D. Ala. Sept. 24, 2002.)

Plaintiffs respectfully request that the Panel vacate CTO-121 in these cases to allow the Eleventh Circuit Court of Appeals to determine whether the transferee court properly applied the fraudulent joinder standard. If the transferee court erred in finding subject matter jurisdiction exists, these cases are not proper for transfer. Judicial economy and resources would be preserved by vacating CTO-121 in these cases until subject matter jurisdiction is properly decided.

### III. CONCLUSION

Transfer in these cases is only proper if federal jurisdiction exists. The transferee court has certified for appeal and Plaintiffs have filed Petitions for permission to appeal the transferee court's order denying remand. Plaintiffs contend that the transferee court improperly applied the fraudulent joinder standard. When the proper standard is applied, subject matter jurisdiction does not exist. Therefore, Plaintiffs respectfully request that this Panel vacate CTO-121 in these cases.

**RESPECTFULLY SUBMITTED** this the 23rd day of June, 2004.

James F. McKenzie, Esquire
Florida Bar Number: 163790
McKenzie, Taylor & Zarzaur, P.A.
905 East Hatton Street
Pensacola, FL 32503
(850) 432-2856
Attorneys for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 4 2004

FILED
CLERK'S OFFICE

# EXHIBIT "A"

## SCHEDULE OF ACTIONS (CTO-121) - DOCKET NO. 1203
## IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/DEXFENFLURAMINE)
## PRODUCTS LIABILITY LITIGATION

<u>DISTRICT</u>   <u>DIV.</u>   <u>CIVIL ACTION #</u>

FLORIDA NORTHERN

| | | | |
|---|---|---|---|
| FLN | 3 | 04-81 | Sherrilee H. Lewis v. Wyeth, et al. |
| FLN | 3 | 04-82 | Barbara Petty v. Wyeth, et al. |
| FLN | 3 | 04-83 | Earlie J. Fowler, et al. v. Wyeth, et al. |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 4 2004

FILED
CLERK'S OFFICE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY  that this 23rd day of June, 2004, a true copy of the foregoing has been furnished via First Class U.S. Mail to the attached service list.

James F. McKenzie, Esquire
Florida Bar Number: 163790
McKenzie, Taylor & Zarzaur, P.A.
905 East Hatton Street
Pensacola, FL  32503
(850) 432-2856
Attorneys for Plaintiffs

RECEIVED
CLERK'S OFFICE
2004 JUN 24  A II: 34
PANEL ON
MULTIDISTRICT
LITIGATION

Nina M. Gussack
Pepper, Hamilton, LLP
3000 Two Logan Square, 18th & Arch St.
Philadelphia, PA 19103-2799

Peter L. Resnik
McDermott, Will & Emery, P.C.
28 State Street, 33rd Floor
Boston, MA 02109-1775

Charles Wiggins
Beggs & Lane
PO Box 12950
Pensacola, FL 32591-2950

Raymond B. Biagini
McKenna, Long, & Aldridge
1900 K. Street, NW #100
Washington DC 20006

Daniel S. Pariser
Arnold & Porter
555 12th Street NW
Washington, DC 20004

Joseph P. Thomas
Ulmer & Berne
600 Vine Street #2800
Cincinnati, OH 45202

Alan M. Winchester
Lester Schwab Katz & Dwyer
120 Broadway
New York, NY 10271

Arnold Levin
Levin, Fishbein, Sedran & Berman
510 Walnut Street, #500
Philadelphia PA 19106

Michael T. Scott
Reed Smith LLP
2500 One Liberty Place, 1650 Market St.
Philadelphia PA 19103-8100

Ann M. Asiano
Bradley, Curley, et al.
1100 Larkspur Landing Cir. #200
Larkspur, CA 94939-1809

Hugh Campbell
Seatrace Pharmaceuticals, Inc.
PO Box 7200
Rainbow City, AL 35906

Charles F. Preuss
Drinker Biddle & Reath
225 Bush Street, 15th Floor
San Francisco, CA 94104

Thomas E. Wallerstein
Hangley Aronchich Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933

Frank C. Woodside, III
Dinsmore & Shohl
1900 Chemed Center, 255 E. Fifth Street
Cincinnati, OH 45202

Edward W. Madeira, Jr.
Pepper, Hamilton, LLP
3000 Two Logan Square, 18th & Arch St.
Philadelphia, PA 19103-2799

Edward S. Weltman
Goodwin, Procter, LLP
599 Lexington Avenue
New York, NY 10022

James E. Betke
McDermott, Will, Emery
227 West Monroe Street
Chicago, IL 60606

Bruce M. Chadwick
Arnold & Porter
555 12th Street NW
Washington, DC 20004

Jonathan I. Price
Schneck, Weltman, Hashmall
599 Lexington Avenue #30
New York, NY 1022-6030

Lloyd E. Williams, Jr.
Williams & Montgomery Ltd.
20 North Wacker Drive # 2100
Chicago, IL 60606

Peter Zimroth
Arnold & Porter
399 Park Avenue
New York, NY 10022

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHERRILEE H. LEWIS,

      Plaintiff,

v.                                     Case No. 3:04-cv-81/MCR

WYETH, et al.,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION

      On April 28, 2004, this Court entered an Order (see doc. 22) denying Plaintiff's motion to remand and dismissing Defendant Peacock with prejudice as having been fraudulently joined in this lawsuit. On May 7, 2004, Plaintiff filed the current Motion for Certification of Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b). (Doc. 25). Title 28, United States Code, Section 1292 provides, in pertinent part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (West 2004) (emphasis in original). Because the Court is of the opinion that the Order denying Plaintiff's motion to remand involves a controlling

question of law as to which there is substantial ground for difference of opinion[1] and that an immediate appeal may materially advance the ultimate termination of the litigation, Plaintiff's motion for certification (see doc. 25) is GRANTED. Accordingly, this Court hereby certifies its April 28, 2004 Order denying remand for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Furthermore, because the case has already been stayed (see doc. 23), the Court need not reissue an order staying the case during the pendency of the interlocutory appeal.

ORDERED on this 12th day of May, 2004.

s/ M. Casey Rodgers

**M. CASEY RODGERS**
**United States District Court**

---

[1] When this case was removed from state court, Defendant Wyeth filed a declaration of Defendant Peacock, a sales representative, stating that: (1) Peacock did not market, advertise, sell, distribute, promote, dispense, supply, detail, or design Pondimin (the drug that allegedly injured Plaintiff); and (2) Peacock had no independent knowledge or control over the messages that Wyeth provided to physicians about Pondimin. In support of her motion to remand, Plaintiff failed to produce *specific* evidence to refute the facts alleged in that declaration. None of Plaintiff's evidence *specifically* demonstrated that Peacock promoted Pondimin to Plaintiff's prescribing physician. As a result of Plaintiff's failure to produce specific evidence to refute the declaration, the Court determined that there was no reasonable basis for predicting that Florida law might impose liability on Peacock based upon the facts of the case. Accordingly, the Court denied Plaintiff's motion to remand and dismissed Defendant Peacock with prejudice as being fraudulently joined. The Plaintiff now asserts with legal authority that general evidence is sufficient to refute specific evidence of fraudulent joinder. Because the Court is (and was at the time of its Order denying the motion to remand) persuaded by contrary authority, it would appear appropriate to certify its Order denying remand for appeal. Notwithstanding, the authority cited by Plaintiff in her recent motion does not change the Court's previous Order.

Case No. 3:04-cv-81/MCR

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BARBARA PETTY,

    Plaintiff,

                          Case No. 3:04-cv-82/MCR

v.

WYETH, et al.,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION

On April 28, 2004, this Court entered an Order (see doc. 25) denying Plaintiff's motion to remand and dismissing Defendant Peacock with prejudice as having been fraudulently joined in this lawsuit. On May 7, 2004, Plaintiff filed the current Motion for Certification of Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b). (Doc. 28).

Title 28, United States Code, Section 1292 provides, in pertinent part:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (West 2004) (emphasis in original). Because the Court is of the opinion that the Order denying Plaintiff's motion to remand involves a controlling

question of law as to which there is substantial ground for difference of opinion[1] and that an immediate appeal may materially advance the ultimate termination of the litigation, Plaintiff's motion for certification (see doc. 28) is GRANTED. Accordingly, this Court hereby certifies its April 28, 2004 Order denying remand for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Furthermore, because the case has already been stayed (see doc. 27), the Court need not reissue an order staying the case during the pendency of the interlocutory appeal.

ORDERED on this 12th day of May, 2004.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**United States District Court**

---

[1] When this case was removed from state court, Defendant Wyeth filed declarations of Defendants Coe and Berry, who were Wyeth sales representative, stating that: (1) they did not market, advertise, sell, distribute, promote, dispense, supply, detail, or design Pondimin (the drug that allegedly injured Plaintiff); and (2) they had no independent knowledge or control over the messages that Wyeth provided to physicians about Pondimin. In support of her motion to remand, Plaintiff failed to produce *specific* evidence to refute the facts alleged in those declarations. None of Plaintiff's evidence *specifically* demonstrated that Coe or Berry promoted Pondimin to Plaintiff's prescribing physician. As a result of Plaintiff's failure to produce specific evidence to refute the declarations, the Court determined that there was no reasonable basis for predicting that Florida law might impose liability on either Coe or Berry based upon the facts of the case. Accordingly, the Court denied Plaintiff's motion to remand and dismissed Defendants Coe and Berry with prejudice as being fraudulently joined. The Plaintiff now asserts with legal authority that general evidence is sufficient to refute specific evidence of fraudulent joinder. Because the Court is (and was at the time of its Order denying the motion to remand) persuaded by contrary authority, it would appear appropriate to certify its Order denying remand for appeal. Notwithstanding, the authority cited by Plaintiff in her recent motion does not change the Court's previous Order.

Case No. 3:04-cv-82/MCR

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EARLIE J. FOWLER, and
SOLOMON FOWLER, JR.,

     Plaintiffs,

v.

                                 Case No. 3:04-cv-83/MCR

WYETH, et al.,

     Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION

On May 14, 2004, this Court entered an Order (see doc. 21) denying Plaintiffs' motion to remand and dismissing Defendants Coe and Berry with prejudice as having been fraudulently joined in this lawsuit. On May 18, 2004, Plaintiffs filed the current Motion for Certification of Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b). (Doc. 23). Title 28, United States Code, Section 1292 provides, in pertinent part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (West 2004) (emphasis in original).  Because the Court is of the opinion that the Order denying Plaintiffs' motion to remand involves a controlling question of law as to which there is substantial ground for difference of opinion[1] and that an immediate appeal may materially advance the ultimate termination of the litigation, Plaintiffs' motion (see doc. 23) is GRANTED.  Accordingly, this Order hereby allows the Plaintiffs to file a Petition for Permission to file an interlocutory appeal of the May 14, 2004 Order directly with the Eleventh Circuit in accordance with Rule 5 of the Federal Rule of Appellate Procedure.  Furthermore, because the case has already been stayed (see doc. 21), the Court need not reissue an order staying the case during the pendency of any interlocutory appeal.

ORDERED on this 19th day of May, 2004.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**United States District Court**

---

[1] When this case was removed from state court, Defendant Wyeth filed the declarations of Defendants Coe and Berry, who were Wyeth sales representatives, stating that: (1) Coe and Berry did not market, advertise, sell, distribute, promote, dispense, supply, detail, or design Pondimin (the drug that allegedly injured Plaintiff Earlie J. Fowler); and (2) Coe and Berry had no independent knowledge or control over the messages that Wyeth provided to physicians about Pondimin.  In support of their motion to remand, Plaintiffs failed to produce *specific* evidence to refute the facts alleged in those declarations.  None of Plaintiffs' evidence *specifically* demonstrated that either Coe or Berry promoted Pondimin to Plaintiff's prescribing physician.  As a result of Plaintiffs' failure to produce specific evidence to refute the declarations, the Court determined that there was no reasonable basis for predicting that Florida law might impose liability on either Coe or Berry based upon the facts of the case.  Accordingly, the Court denied Plaintiffs' motion to remand and dismissed Defendants Coe and Berry with prejudice as being fraudulently joined. Plaintiffs now assert with legal authority that general evidence is sufficient to refute specific evidence of fraudulent joinder.  Because the Court is (and was at the time of its Order denying the motion to remand) persuaded by contrary authority, it would appear appropriate to certify its Order denying remand for appeal.  Notwithstanding, the authority cited by Plaintiffs in their recent motion does not change the Court's previous Order.

Case No. 3:04-cv-83/MCR

# EXHIBIT "C"

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

99 DEC -9 PM 4:51

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

STELLA LITTLE,

                Plaintiff,

v.                                                  CASE NO. 99-2244-CIV-T-17F

WYETH LABORATORIES, INC., a
subsidiary of American Home Products
Corporation, WYETH-AYERST
LABORATORIES COMPANY,
a division of American Home
Products Corporation, AMERICAN
HOME PRODUCTS CORPORATION,
KATHERINE HUDSON, NANCY
RAYBORN, SHERRY L. SLAMPAK,
and ROBERT YOUNG,

                Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR REMAND

THIS CAUSE is before the Court on Plaintiff, Stella Little's, Motion for Remand and Memorandum of Law, (Dkt. 16), filed on October 29, 1999, and Defendants, American Home Products Corporation's and Wyeth-Ayerst Laboratories Company's, Response to Motion for Remand, (Dkt. 20), filed on November 17, 1999.

## BACKGROUND

On October 1, 1999, the removing Defendants filed a Notice of Removal in this Court. (Dkt. 1). Defendants' Notice of Removal states that removal is appropriate because all non-fraudulently joined Defendants are diverse from Plaintiff and the amount in controversy exceeds $75,000.00. Defendants state that Plaintiff fraudulently joined non-diverse individual Defendants to attempt to avoid federal jurisdiction.

CASE NO.   99-2244-CIV-T-17F

On October 1, 1999, Plaintiff filed a Complaint in this Court. (Dkt. 2). Plaintiff's Complaint states that Defendants have engaged in the promotion, manufacture, marketing, development, sales, and/or distribution of the pharmaceutical drugs fenfluramine, also known as Pondimin, and dexfenfluramine hydrochloride, also known as Redux. Plaintiff states that Defendants knew that Pondimin and Redux were being used in combination with a drug called phentermine in order to counter obesity and promote weight loss. This combination of Redux and/or Pondimin with phentermine is more commonly referred to as "fen-phen."

According to Plaintiff, Defendants knew or should have known that use of Pondimin, Redux, and/or phentermine was connected with various life threatening conditions. Some of the life threatening conditions that have resulted from the use of Pondimin, Redux, and/or phentermine, according to Plaintiff, are: pulmonary hypertension; cardiac valvular disease and disorders; neurotoxicity; central and peripheral nervous system toxicity; brain serotonin neurotoxicity; cerebral hemorrhage; stroke; neurocognitive dysfunction; and developmental neurotoxicity. Plaintiff states that even though Defendants knew of the risks associated with Pondimin, Redux, and/or phentermine, Defendants permitted the drugs to be advertised, promoted, and sold without adequate warnings.

Plaintiff's Complaint contains five separate Counts against all Defendants: Count I alleges strict product liability for defective design; Count II alleges strict product liability for failure to warn; Count III alleges negligence; Count IV alleges breach of implied warranty; and Count V alleges fraud and misrepresentation.

On October 29, 1999, Plaintiff filed a Motion to Remand with this Court. (Dkt. 16). In Plaintiff's Motion to Remand, Plaintiff states that remand is appropriate because Defendants' Notice of Removal was not timely filed and Defendants have waived their right of removal.

2

CASE NO. 99-2244-CIV-T-17F

## STANDARD OF REVIEW

Federal jurisdiction can be based on either: (1) a federal question or (2) diversity of citizenship and an amount in controversy exceeding $75,000.00. See 28 U.S.C. § 1331 (1993); 28 U.S.C. § 1332 (1993). A federal court determines whether or not jurisdiction exists by analyzing the allegations in the complaint. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 805 (1986); Campos v. Sociedad Aeronautica De Medellin Consolidada, S.A, 882 F.Supp. 1056, 1057 (S.D. Fla. 1994); Woods v. Firestone Tire & Rubber Co., 560 F.Supp. 588, 590 (S.D. Fla. 1983).

"The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when [a] federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). In analyzing the complaint, the court must "determine whether a federal claim is 'necessarily presented by [the] plaintiff, even if [the] plaintiff has couched his pleadings exclusively in terms of state law.'" Dean Witter Reynolds, Inc. v. Schwartz, 550 F.Supp. 1312, 1313 (S.D. Fla. 1982)(quoting Schultz v. Coral Gables Fed. Sav. & Loan Ass'n, 505 F.Supp. 1003, 1008 (S.D. Fla. 1980)).

Diversity jurisdiction requires every plaintiff to be diverse from every defendant. See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1355 (11th Cir. 1996). A lack of complete diversity precludes removal of a case to federal court. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1286 (11th Cir. 1998). Once it is established that all parties are diverse from one another, it must be established that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332 (1993).

Under 28 U.S.C. § 1446(b), a removing defendant has thirty days after receipt of process

3

CASE NO. 99-2244-CIV-T-17F

to remove the case to federal court. If a case involves more than one defendant, the thirty day period begins to run as soon as the first defendant is served, as long as the case is otherwise removable. See Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1263 (5th Cir. 1988).

When alleging fraudulent joinder, the removing party in a removal case has the burden of showing that either: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). The burden on the removing party is a "heavy one." Id.

When the district court considers a motion for remand, the court must not weigh the merits of the plaintiff's claim. See Crowe, 113 F.3d at 1538. The district court must only determine whether the plaintiff's claim is "an arguable one under state law." Id. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993)..

"A federal district court must remand to the state court any case that was removed improvidently or without the necessary jurisdiction." Campos, 882 F.Supp. at 1057 (citing Glaziers, Glass Workers, Etc. v. Florida Glass & Mirror, 409 F.Supp. 225, 226 (M.D. Fla. 1976)). Removal jurisdiction is limited through strict construction of the removal statutes. See Campos, 882 F.Supp. at 1057. "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." Woods, 560 F.Supp. at 590; see also Pacheco De Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998)(citing Diaz v. Sheppard, 83 F.3d 1502, 1505 (11th Cir. 1996)).

4

CASE NO. 99-2244-CIV-T-17F

## DISCUSSION

In the case at hand, removing Defendants' Notice of Removal states that complete diversity exists because Plaintiff has fraudulently joined non-diverse Defendants. Removing Defendants state that Plaintiff cannot bring a cause of action against the non-diverse individual Defendants because the non-diverse individual Defendants "never promoted, marketed, sold, distributed, or warned of the risks of Pondimin, Redux, and/or phentermine individually and/or when used in combination to any physicians in the state of Florida, including plaintiff's prescribing physician set out in Exhibit A to the Complaint." (Dkt. 1).

Plaintiff, on the other hand, states that remand is appropriate because complete diversity does not exist. Plaintiff states that the individual non-diverse Defendants were not fraudulently joined. In support of this, Plaintiff submits several exhibits. The exhibits submitted by Plaintiff in support of remand detail the extensive discovery-related problems Plaintiff has encountered. Plaintiff's exhibits include: several Orders compelling Defendants to comply with discovery; requests for discovery provided to Defendants by Plaintiff; letters regarding discovery and the possibility of naming multiple sales representatives; and affidavits.

As well as discovery related exhibits, Plaintiff submits a letter that was faxed to Defendants by Plaintiff. This letter addresses Defendants' Notice of Removal and the specific allegations made within that notice. In particular, Plaintiff's letter states that "we have found reports which indicate the volume of Redux prescriptions for particular sales reps, their ranking among other sales reps, the changes in the volume of Redux prescriptions sold since a previous quarter, and the level of financial incentives relating to their sale of Redux." (Dkt. 16). Plaintiff's letter also states that they have uncovered "documents relating to an incentive bonus for Redux sales for sales representatives and field activity reports detailing sales representative's business plans, progress, objectives, observations, discussions, and actions with respect to the promotion

CASE NO. 99-2244-CIV-T-17F

of Redux." (Dkt. 16). Plaintiff also states that it has recovered documentation establishing, in Defendants' own words, that one of Defendants' sales representatives, who according to Defendant has never promoted or marketed Redux, is "especially well versed in her ... Redux product knowledge and [has] presented these products in [an] organized fashion." (Dkt. 16). In response, Defendants have presented nothing more to this Court than an allegation that the non-diverse individual Defendants were fraudulently joined by Plaintiff. (Dkts. 1, 20). In support of this, Defendants have merely stated that the non-diverse individual Defendants "never promoted, marketed, sold, distributed or warned of the risks of Pondimin, Redux and/or phentermine...."

I. Establishment of a Cause of Action Against the Resident Defendants

In an attempt to prove that Plaintiff cannot bring a cause of action against the non-diverse individual Defendants, Defendants state that under Federal Rule of Civil Procedure 11, Plaintiff is required to maintain a case only after conducting a reasonable inquiry into the action. (Dkt. 20). Defendants state that Plaintiff has not complied with Federal Rule of Civil Procedure 11 when Plaintiff named the non-diverse individual Defendants to the state cause of action. Due to Plaintiff's non-compliance with Federal Rule of Civil Procedure 11, Defendant states that Plaintiff cannot establish a cause of action against the non-diverse individual Defendants.

Defendant further states that the exhibits contained within Plaintiff's Complaint establish that none of the non-diverse individual Defendants ever called upon Plaintiff's prescribing physician. Due to the fact that Plaintiff's exhibits show, according to Defendant, that none of the individual Defendants ever called upon Plaintiff's prescribing physician, Defendant alleges that the essential elements of Plaintiff's cause of action do not exist.

In Albertson v. Richardson-Merrell, Inc., 441 So.2d 1146 (Fla. 4th DCA 1983), the state of Florida's Fourth District Court of Appeals stated that in order to properly bring about a cause

CASE NO. 99-2244-CIV-T-17F

of action for fraud, the following elements must be alleged:

> (1) a misrepresentation of material fact;
>
> (2)(a) a knowledge of the representor of the misrepresentation, or
> (b) representations made by the representor without knowledge as
> to either their truth or falsity, or
> (c) representations made under circumstances in which the
> representor ought to have known, if he did not know, of the falsity
> thereof;
>
> (3) an intention that the representor induce another to act on it; and
>
> (4) resulting injury to the party acting in justifiable reliance on the
> representation.

(citing Alexander/Davis Properties, Inc. v. Graham, 397 So.2d 699, 706 (Fla. 4th DCA 1981)). The Albertson case further establishes that an individual patient is permitted to assert a cause of action against a sales representative for fraud. In order to assert fraud against a sales representative, it is enough that a sales representative committed fraud against the prescribing physician. The individual sales representative need not make fraudulent representations directly to the Plaintiff.

After carefully reviewing this case, the Court finds that Plaintiff has made sufficient allegations against the non-diverse individual Defendants to support, at least, a cause of action for fraud. Defendants have not satisfied their burden of showing that there is no possibility that Plaintiff can establish a cause of action against the non-diverse individual Defendants. Plaintiff's claims against the non-diverse individual Defendants are arguable under state law and Defendants have failed to provide anything more than mere allegations to establish otherwise. As Plaintiff has made sufficient allegations against the non-diverse individual Defendants, those non-diverse individual Defendants were not fraudulently joined under the first part of the two-part test set out in Crowe.

7

CASE NO. 99-2244-CIV-T-17F

In support of the Court's finding, the Court points out that Plaintiff has specifically alleged that Defendants engaged in a material misrepresentation of fact to Plaintiff, through her prescribing physician and the general public, that the prescription drugs Pondimin, Redux, and/or phentermine were safe and effective; Defendants fraudulently or intentionally concealed material information regarding the drugs; Defendants negligently misrepresented adverse information regarding the effectiveness and safety of the drugs; Defendants' misrepresentations were communicated to Plaintiff's prescribing physicians with the intent that they reach Plaintiff; Defendants knew or should have known that the representations given to Plaintiff's treating physicians were false; Defendants made the misrepresentations or actively concealed information with the intent and desire that Plaintiff, the prescribing physician, other entities, and the public would rely on such information; and as a direct and legal result of Defendants' actions, Plaintiff has sustained serious and permanent injuries. Plaintiff has suffered, according to the Complaint, physical injuries, neurocognitive injuries, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future.

These specific allegations establish an arguable claim for fraud under Florida law. See Albertson, 441 So.2d at 1149-50. The Court notes Defendants' statements regarding the non-diverse individual Defendants and their alleged lack of service to Plaintiff's prescribing physician, and further notes Exhibit A to Plaintiff's Complaint, which states that another sales representative serviced Plaintiff's prescribing physician. This alone is not sufficient to establish the allegation that Plaintiff cannot state a claim against the named non-diverse individual Defendants. Plaintiff has alleged contact with all Defendants, through her treating physician, along with all other necessary elements to allege a claim of fraud under Florida law.

As Plaintiff has established an arguable claim for fraud under Florida law against all Defendants, and Defendants have failed to satisfy their burden as to fraudulent joinder, the Court will not further address the additional Counts contained within Plaintiff's Complaint. All that is

8

CASE NO. 99-2244-CIV-T-17F

required to show that joinder was not fraudulent is a finding that one claim is arguable under state law. See Crowe, 113 F.3d at 1538. Plaintiff's have satisfied this requirement and the joinder of non-diverse individual Defendants was not fraudulent. As non-diverse individual Defendants were not fraudulently joined, complete diversity does not exist. Without complete diversity or a federal question, this Court must remand this case to state court.

In addition to the Court's finding on Plaintiff's Motion to Remand, the Court notes that Plaintiff has filed a Motion for Attorney's Fees and Costs. (Dkt. 22). As Defendants have not had the requisite time to respond to Plaintiff's Motion for Attorney's Fees and Costs, the Court will retain jurisdiction of Plaintiff's Motion for Attorney's Fees and Costs. All other aspects of this case are remanded to state court. Accordingly, it is

ORDERED that Plaintiff, Stella Little's, Motion for Remand and Supporting Memorandum of Law, (Dkt. 16), be GRANTED and this action be REMANDED to state court. This Court will retain jurisdiction over Plaintiff, Stella Little's, Motion for Attorney's Fees and Costs, (Dkt. 22).

DONE AND ORDERED in Chambers, in Tampa, Florida, this 9th day of December, 1999.

ELIZABETH A. KOVACHEVICH
Chief United States District Judge

Copies to: All parties and counsel of record.

## FEN-PHEN - PONDIMIN DETAIL INFORMATION

Page 96      Answers questions from doctors re Pondimin

Page 100      P-22017-18 – Memo from Med Affairs re Pondimin. "M.A.I.L." to help explain material that may appear in lay pers.  June 1994

Page 119      Received information re Pondimin more than once.

Pgs 119-120      Exhibit 17, prev. 694.  Memo from Margie Crowbey re: Expect increased inquiries about Pondimin from doctors, increased media reports about Pondimin. Included enclosure – Resource Directory; Pond. Package insert; Q&A's about Pondimin; Pondimin fact sheet – Sept. 21, 1995.

Page 124      Enclosed so you can better respond to doctors – to Wyeth reps.

Page 135      Pondimin mentioned at presentation by doctor.

Page 146      Exhibit 19 – another letter like Exhibit 17 but to Robins reps.

Page 146      Exhibit 280 – same letter to Ayerst reps.

Page 147      Wyeth & Ayerst reps not promoting Redux.

Page 151      Fact sheet attached to letter – Pondimin helps patients lose weight. Several pages about fact sheet.  PH reversible when taken off drug.  #AHP-4-00090823.

Page 182      Company placed high priority on communicating risk and benefits of Pondimin.  Similar package inserts.

Page 225      Pondimin is atypical second generation anorectic.

Page 226      Training re Pondimin.

Page 234      How to make a case for fen-phen – using Weintraub study – contained in Redux Manual.  #153292. Stunkard article re:  long term use – 153340

Page 250      Sales up 50 times – 92-96.

FILED

UNITED STATES DISTRICT COURT DEC 29 PM 3: 36
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON WRISLEY,

    Plaintiff,

v.                         CASE NO: 99-2246-CIV-T-26C

WYETH LABORATORIES, INC., et al.,

    Defendants.

_____/

## O R D E R

Before the Court is Plaintiff's Motion for Remand (Dkt. 8) and the response of

Defendants American Home Products Corporation (AHPC) and Wyeth-Ayerst

Laboratories (WAL), the removing defendants (Dkt. 11). This case is one of the many

"fen-phen" actions removed to the federal district courts of the Middle District of Florida

from state circuit courts in October 1999. For the reasons set forth in Judge

Kovachevich's order of remand in Little v. Wyeth Laboratories, Inc., et al., No. 99-2244-

CIV-T-17F (M.D.Fla. Dec. 9, 1999), and Judge Bucklew's order of remand in Klausner v.

Wyeth Laboratories, Inc., et al., No. 99-2254-CIV-T-24E (M.D.Fla. Nov. 22, 1999),[1] this

---

    [1] Judge Adams has relied on Judge Bucklew's order in granting remand. See
Vale v. Wyeth Laboratories, Inc., No. 99-2238-CIV-T-25E (M.D.Fla. Dec. 7, 1999).

SCANNED

23

05/03/2000 10:51 FAX 8132240373          ALLEY & INGRAM                    ☎006/018

Court grants remand and orders the case be transferred back to state court.[2]

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Remand

(Dkt. 8) is GRANTED. This case is hereby remanded to the Thirteenth Judicial Circuit

Court in and for Hillsborough County, Florida. The Court retains jurisdiction to rule by

separate order on Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 13). The Clerk

is directed to close this file upon effectuation of the remand.

DONE AND ORDERED at Tampa, Florida, on December 29, 1999.

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel of Record

---

[2]    Although the "consenting" defendants named in the notices of removal may
vary from case to case, the result remains the same.

-2-



FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROL MORRIS,

    Plaintiff,

v.                                 CASE NO: 99-2381-CIV-T-26C

WYETH LABORATORIES, INC., et al.,

    Defendants.

_____/

## O R D E R

Before the Court is Plaintiff's Motion for Remand (Dkt. 5) and the response of

Defendants American Home Products Corporation (AHPC) and Wyeth-Ayerst

Laboratories (WAL), the removing defendants (Dkt. 8). This case is one of the many

"fen-phen" actions removed to the federal district courts of the Middle District of Florida

from state circuit courts in October 1999. For the reasons set forth in Judge

Kovachevich's order of remand in Little v. Wyeth Laboratories, Inc., et al., No. 99-2244-

CIV-T-17F (M.D.Fla. Dec. 9, 1999), and Judge Bucklew's order of remand in Klausner v.

Wyeth Laboratories, Inc., et al., No. 99-2254-CIV-T-24E (M.D.Fla. Nov. 22, 1999),[1] this

---

[1]    Judge Adams has relied on Judge Bucklew's order in granting remand. See
Vale v. Wyeth Laboratories, Inc., No. 99-2238-CIV-T-25E (M.D.Fla. Dec. 7, 1999).

Court grants remand and orders the case be transferred back to state court.[2]

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Remand (Dkt. 5) is GRANTED. This case is hereby remanded to the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida. The Court retains jurisdiction to rule by separate order on Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 7). The Clerk is directed to close this file upon effectuation of the remand.

DONE AND ORDERED at Tampa, Florida, on December 29, 1999.

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel of Record

---

[2]   Although the "consenting" defendants named in the notices of removal may vary from case to case, the result remains the same.

05/03/2000 10:42 FAX 8132240373        ALLEY & INGRAM                    ☑ 002/021

FILED

UNITED STATES DISTRICT COURT  99 DEC 29 PM 3: 36
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN MARTIN,

        Plaintiff,

v.                                          CASE NO: 99-2454-CIV-T-26A

WYETH LABORATORIES, INC., et al.,

        Defendants.
_____/

## O R D E R

        Before the Court is Plaintiff's Motion for Remand (Dkt. 5) and the response of

Defendants American Home Products Corporation (AHPC) and Wyeth-Ayerst

Laboratories (WAL) (Dkt. 8). This case is one of the many "fen-phen" actions removed

to the federal district courts of the Middle District of Florida from state circuit courts in

October 1999. For the reasons set forth in Judge Kovachevich's order of remand in Little

v. Wyeth Laboratories, Inc., et al., No. 99-2244-CIV-T-17F (M.D.Fla. Dec. 9, 1999), this

Court grants remand and orders the case be transferred back to state court.

        It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Remand

(Dkt. 5) is GRANTED. This case is hereby remanded to the Thirteenth Judicial Circuit

Court in and for Hillsborough County, Florida. The Court retains jurisdiction to rule by

separate order on Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 7). The Clerk is

directed to close this file upon effectuation of the remand.

DONE AND ORDERED at Tampa, Florida, on December 29, 1999.

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel of Record

05/03/2000 10:33 FAX 8132240373          ALLEY & INGRAM          @006/016

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

99 DEC 29 PM 3:36

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

DOROTHY SNELL,

    Plaintiff,

v.                                                          CASE NO: 99-2453-CIV-T-26A

WYETH LABORATORIES, INC., et al,

    Defendants.

_____/

## O R D E R

    Before the Court Before the Court is Plaintiff's Motion for Remand (Dkt. 5) and

the response of Defendants American Home Products Corporation (AHPC) and Wyeth-

Ayerst Laboratories (WAL), the removing defendants (Dkt. 8). This case is one of the

many "fen-phen" actions removed to the federal district courts of the Middle District of

Florida from state circuit courts in October 1999. For the reasons set forth in Judge

Kovachevich's order of remand in <u>Little v. Wyeth Laboratories, Inc., et al.</u>, No. 99-2244-

CIV-T-17F (M.D.Fla. Dec. 9, 1999), and Judge Bucklew's order of remand in <u>Klausner v.</u>

<u>Wyeth Laboratories, Inc., et al.</u>, No. 99-2254-CIV-T-24E (M.D.Fla. Nov. 22, 1999),[1] this

---

    [1]   Judge Adams has relied on Judge Bucklew's order in granting remand. <u>See</u>
<u>Vale v. Wyeth Laboratories, Inc.</u>, No. 99-2238-CIV-T-25E (M.D.Fla. Dec. 7, 1999).



05/03/2000 10:38 FAX 8132240373          ALLEY & INGRAM                    ☎ 07/018

Court grants remand and orders the case be transferred back to state court.[2]

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Remand

(Dkt. 5) is GRANTED. This case is hereby remanded to the Thirteenth Judicial Circuit

Court in and for Hillsborough County, Florida. The Court retains jurisdiction to rule by

separate order on Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 7). The Clerk is

directed to close this file upon effectuation of the remand.

DONE AND ORDERED at Tampa, Florida, on December 29, 1999.


RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE


COPIES FURNISHED TO:
Counsel of Record


---

[2]     Although the "consenting" defendants named in the notices of removal may
vary from case to case, the result remains the same.

12/22/2003 16:32 FAX 8132240073          ALLEN & INGRAM

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

03 DEC 19 AM 8:41

JANIS PARENT

            Plaintiff,

vs.

             Case No. 2:03-cv-626-FTM-29SPC

WYETH, f/k/a AMERICAN HOME
PRODUCTS CORPORATION; WYETH
PHARMACEUTICALS, f/k/a WYETH
AYERST LABORATORIES, INC.;
ECKERD CORPORATION; DANIEL GARVEY,
RAYMOND SARLO and GEORGE PECK, III,

            Defendants.

---

## ORDER

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. #11) and Plaintiff's Motion for Attorney Fees and Costs (Doc. #10), both filed on November 14, 2003, and Plaintiff's Amended Motion to Remand (Doc. #18), filed on November 18, 2003. Wyeth's Opposition (Doc. #25) was filed on November 28, 2003. Both sides have included numerous attachments to their respective documents.

### I.

Plaintiff alleges that she suffered serious and permanent injuries as a result of using the prescription diet medication Pondimin (fenfluramine) and Phentermine. The Complaint (Doc. #2) alleges state law claims of negligence, strict product liability, fraud, and negligent misrepresentation against the manufacturers of Pondimin, three sales representatives, and a pharmacy. The Complaint

31

was originally filed in the Circuit Court of the Thirteenth Judicial Circuit in Hillsborough County, Florida.  It was removed to the Tampa Division of the United States District Court for the Middle District of Florida (Doc. #1), and subsequently transferred to the Fort Myers Division (Doc. #7).

Wyeth filed a Notice of Remand (Doc. #1) invoking this court's diversity of citizenship jurisdiction.  While Wyeth recognized that there were three non-diverse defendants, the Notice of Removal asserted that these defendants were fraudulently joined and therefore should not be considered for diversity jurisdiction purposes. Plaintiff now seeks remand to state court, asserting that there is no diversity jurisdiction because the non-diverse parties were not fraudulently joined.

## II.

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity for removal. Triggs v. John Crumpa Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). An action may be removed despite the presence of a non-diverse party if the joinder of the non-diverse party was fraudulent, and the Eleventh Circuit has identified three situations where joinder has been deemed fraudulent. Id. Addressing the situation at issue here, the Eleventh Circuit summarized its standard as follows:

> Even if a named defendant is such a [non-diverse] citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the

2

state court.  The plaintiff need not have a wining case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir 2001)(citations and quotations omitted).  After the Alabama Supreme Court answered a certified question, the Eleventh Circuit re-iterated that "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003).

The determination of fraudulent joinder is made on the basis of plaintiff's pleadings at the time of removal, but the Court may consider the affidavits submitted in connection with the Notice of Removal.  Cabalceta v. Standard Fruit Company, 883 F.2d 1553, 1561 (11th Cir. 1989).  The Court's function, however, is limited, and plaintiff's burden is light.  "[A]fter drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law might impose liability on the facts involved." Crowe v. Coleman, 113 F.3d 1536, 1541-42 (11th Cir. 1997)(citation and quotation omitted).

Under this standard, the case must be remanded.  While the material factual matters alleged in the Complaint are contested, these factual disputes must be resolved in favor of plaintiff at this stage

3

of the proceedings. Additionally, Florida law recognizes a cause of action in fraud against pharmaceutical sales representatives. <u>Albertson v. Richardson-Merrell, Inc.</u>, 441 So.2d 1146 (Fla. 4th DCA 1983). The Court finds that Wyeth has not shown that plaintiff has no reasonable possibility of stating a valid cause of action as to the three non-diverse defendants. Therefore, the three individual defendants were not fraudulently joined, and complete diversity is absent.

Accordingly, it is now

ORDERED:

1.  Plaintiff's Motion to Remand (Doc. #11) is DENIED as moot.

2.  Plaintiff's Amended Motion to Remand (Doc. #18) is GRANTED for lack of subject matter jurisdiction.

3.  The Court in the exercise of its discretion DENIES Plaintiff's Motion for Attorney Fees and Costs (Doc. #10).

4.  The Clerk of the Court is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

5.  The Clerk is directed to close this case and terminate all

4

12/22/2003 18:34 FAX 813224037  

other pending motions as moot.

DONE AND ORDERED at Fort Myers, Florida, this 19th day of

December, 2003.

JOHN E. STEELE  
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record  
District Courtroom Deputy

5

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA   JUN 12   11: 50
FORT MYERS DIVISION


THERESA HRONCICH

                    Plaintiff,


vs.                              Case No. 2:03-cv-659-FTM-29SPC


WYETH, f/k/a AMERICAN HOME
PRODUCTS CORPORATION; WYETH
PHARMACEUTICALS, f/k/a WYETH
AYERST LABORATORIES, INC.;
ECKERD CORPORATION; DANIEL GARVEY,
RAYMOND SARLO and GEORGE PECK, III,


                    Defendants.

---

### ORDER

This matter comes before the Court on the following motions: (1)
Defendant Wyeth's Motion to Stay All Proceedings Pending Transfer to
MDL 1203 (Doc. #4); (2) plaintiff's Motion to Remand (Doc. #9); (3)
Plaintiff's Motion for Attorney's Fees and Costs (Doc. #12); (4)
Plaintiff's Motion For Consolidation (Doc. #17); and (5) Wyeth's
Motion for Leave to File Its Response to Notice of Supplemental
Authority and Request for Certification of Question for Appellate
Review (Doc. #27). Responses were filed to all motions.

                              I.

Plaintiff alleges that she suffered serious and permanent
injuries as a result of using the prescription diet medication
Pondimin (fenfluramine), Phentermine, and Redux. The Complaint (Doc.
#2) alleges state law claims of negligence, strict product liability,

29

fraud, and negligent misrepresentation against the manufacturers, three sales representatives, and a pharmacy.   The Complaint was originally filed in the Circuit Court of the Thirteenth Judicial Circuit in Hillsborough County, Florida.   It was removed to the Tampa Division of the United States District Court for the Middle District of Florida (Doc. #1), and subsequently transferred to the Fort Myers Division (Doc. #22).

Wyeth filed a Notice of Remand (Doc. #1) invoking this court's diversity of citizenship jurisdiction.   While Wyeth recognized that there were three non-diverse defendants, the Notice of Removal asserted that these defendants were fraudulently joined and therefore should not be considered for diversity jurisdiction purposes. Plaintiff now seeks remand to state court, asserting that there is no diversity jurisdiction because the non-diverse parties were not fraudulently joined.

## II.

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity for removal. Triggs v. John Crumpa Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).   An action may be removed despite the presence of a non-diverse party if the joinder of the non-diverse party was fraudulent, and the Eleventh Circuit has identified three situations where joinder has been deemed fraudulent.   Id.   Addressing the situation at issue here, the Eleventh Circuit summarized its standard as follows:

> Even if a named defendant is such a [non-diverse] citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. If there is even a possibility that a state court would

2

> find that the complaint states a cause of action against
> any one of the resident defendants, the federal court must
> find that the joinder was proper and remand the case to the
> state court.   The plaintiff need not have a wining case
> against the allegedly fraudulent defendant; he need only
> have a *possibility* of stating a valid cause of action in
> order for the joinder to be legitimate.

Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir.

2001)(citations and quotations omitted).  After the Alabama Supreme

Court answered a certified question, the Eleventh Circuit re-iterated

that "if there is a possibility that a state court would find that the

complaint states a cause of action against any of the resident

defendants, the federal court must find that the joinder was proper

and remand the case to the state court."  Tillman v. R.J. Reynolds

Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003).

The determination of fraudulent joinder is made on the basis of

plaintiff's pleadings at the time of removal, but the Court may

consider the affidavits submitted in connection with the Notice of

Removal.  Cabalceta v. Standard Fruit Company, 883 F.2d 1553, 1561

(11th Cir. 1989).  The Court's function, however, is limited, and

plaintiff's burden is light.   "[A]fter drawing all reasonable

inferences from the record in the plaintiff's favor and then resolving

all contested issues of fact in favor of the plaintiff, there need

only be a reasonable basis for predicting that the state law *might*

impose liability on the facts involved."  Crowe v. Coleman, 113 F.3d

1536, 1541-42 (11th Cir. 1997)(citation and quotation omitted).

Under this standard, the case must be remanded.  While the

3

material factual matters alleged in the Complaint are contested, these factual disputes must be resolved in favor of plaintiff at this stage of the proceedings.  Additionally, Florida law recognizes a cause of action in fraud against pharmaceutical sales representatives. Albertson v. Richardson-Merrell, Inc., 441 So.2d 1146 (Fla. 4th DCA 1983).  The Court finds that Wyeth has not shown that plaintiff has no reasonable possibility of stating a valid cause of action as to the three non-diverse defendants.   Therefore, the three individual defendants were not fraudulently joined, and complete diversity is absent.

Accordingly, it is now

**ORDERED:**

(1)   Defendant Wyeth's Motion to Stay All Proceedings Pending Transfer to MDL 1203 (Doc. #4) is **DENIED**;

(2) Plaintiff's Motion to Remand (Doc. #9) is **GRANTED**.  The Clerk of the Court is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

(3)  Plaintiff's Motion for Attorney's Fees and Costs (Doc. #12) is **DENIED**;

(4) Plaintiff's Motion For Consolidation (Doc. #17) is **DENIED**;

(5) Wyeth's Motion for Leave to File Its Response to Notice of Supplemental Authority (Doc. #27) is **GRANTED**, and the Clerk shall file

4

the attached Response.

(6)  Wyeth's Request for Certification of Question for Appellate Review (Doc. #27) is **DENIED**.

(7)  The Clerk is directed to close this case and terminate any other pending motion as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this _____ day of January, 2004.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record
DCRD
H. llsborough County

5

F I L E   C O P Y

Date Printed: 01/13/2004

Notice sent to:

> Christopher Todd Alley, Esq.
> Alley & Ingram, P.A.
> 701 E. Washington St.
> P.O. Box 3127
> Tampa, FL  33601-3127
>
> 2:03-cv-00659    lap

> James T. Holloway, Esq.
> Alley & Ingram, P.A.
> 701 E. Washington St.
> P.O. Box 3127
> Tampa, FL  33601-3127
>
> 2:03-cv-00659    lap

> Chafica A. Singha, Esq.
> Alley & Ingram, P.A.
> 701 E. Washington St.
> P.O. Box 3127
> Tampa, FL  33601-3127
>
> 2:03-cv-00659    lap

> Brenda S. Fulmer, Esq.
> Alley & Ingram, P.A.
> 701 E. Washington St.
> P.O. Box 3127
> Tampa, FL  33601-3127
>
> 2:03-cv-00659    lap

> Matthew J. Moore, Esq.
> Shook, Hardy & Bacon, L.L.P.
> 100 N. Tampa St., Suite 2900
> P.O. Box 898
> Tampa, FL  33602-5810
>
> 2:03-cv-00659    lap

> Toby J. Bonar, Esq.
> Shook, Hardy & Bacon, L.L.P.
> 100 N. Tampa St., Suite 2900
> P.O. Box 898
> Tampa, FL  33602-5810
>
> 2:03-cv-00659    lap

> Melissa D. Krepps, Esq.
> Shook, Hardy & Bacon, L.L.P.



100 N. Tampa St., Suite 2900
P.O. Box 898
Tampa, FL  33602-5810

2:03-cv-00659    lap

Paul M. Quin, Esq.
Shook, Hardy & Bacon, L.L.P.
100 N. Tampa St., Suite 2900
P.O. Box 898
Tampa, FL  33602-5810

2:03-cv-00659    lap

Nancy Jean Stewig, Esq.
Shook, Hardy & Bacon, L.L.P.
100 N. Tampa St., Suite 2900
P.O. Box 898
Tampa, FL  33602-5810

2:03-cv-00659    lap

R. Benjamine Reid, Esq.
Carlton Fields, P.A.
4000 Bank of America Tower
100 S.E. 2nd St.
P.O. Box 019101
P.O. Box 019101
Miami, FL  33131-9101

2:03-cv-00659    lap

Karen Marie Stanford, Esq.
Carlton Fields, P.A.
4000 Bank of America Tower
100 S.E. 2nd St.
P.O. Box 019101
P.O. Box 019101
Miami, FL  33131-9101

2:03-cv-00659    lap

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED

04 MAR 11 PM 3: 1

U.S. DISTRICT COU
N.D. OF ALABAM.

WANDA CAMPBELL, et al.,          )
                                 )
                   Plaintiffs    )
                                 )
          vs.                    )          CASE NO. CV03-HGD-3364-M
                                 )
WYETH, et al.,                   )          **ENTERED**
                                 )
                   Defendants    )          MAR 1 1 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## O R D E R

The above-entitled civil action is before the court on the Motion to
Remand and Motion for Sanctions filed by plaintiffs [Doc. #9] and the Motion
to Stay to Allow Transfer to Multi-District Litigation Proceeding filed by
defendants [Doc. #15].

Plaintiffs, Wanda Campbell, Marie Cork, Shirley Edmondson, Julia Eudy,
Dottie Harvell, Vikki Jimerson, Donna Robertson, Beverly Scarborough, Vicky
Scott, Jimmy Swords, Linda Thrower, and Phyllis Tollman, all Alabama
residents, commenced this action by filing a complaint in the Circuit Court of
Marshall County, Alabama.   Named as defendants are Wyeth, Inc., Stacy
Stubblefield, and Betsy R. Weaver. Plaintiffs state that they have opted out of
the nationwide class action settlement reached in *Brown v. American Home
Products* and wish to pursue their claims for damages individually. They allege
that they took Pondimin or Redux, medications that were manufactured and

20

distributed by Wyeth, Inc., and suffered injuries as a result. They also allege that defendants Stubblefield and Weaver, residents of Alabama, acted as pharmaceutical sales representatives. Plaintiffs assert causes of action for strict liability under the Alabama Extended Manufacturers Liability Doctrine, failure to warn, breach of the warranty of merchantability, negligence, fraud and suppression.

With respect to the individual defendants, Stubblefield and Weaver, plaintiffs claim that they, along with Wyeth, "promoted, detailed, distributed, sold and/or marketed and made representations to plaintiffs' treating physicians . . . regarding Pondimin and/or Redux." It further is alleged that based on these representations made by Wyeth and its agents, plaintiffs' treating physicians prescribed Pondimin and/or Redux for plaintiffs. [Complaint, at ¶ 8]. Plaintiffs further allege that Stubblefield and Weaver, Wyeth's sales representatives, owed duties to plaintiffs which were breached by, *inter alia*, their failure to convey adequate warnings, negligent misrepresentations regarding the safety and efficacy of the drugs, negligent or intentional withholding of information about the danger of the drugs when they had actual or constructive knowledge of same, and continuing to promote the drugs despite actual or constructive knowledge of adverse drug reports. [*Id.* at ¶ 24, ¶¶ 73-75]. In Count VI, plaintiffs allege causes of action against all defendants for fraud, misrepresentation and suppression. [*Id.* at ¶¶ 83-93]. In that count, the individual defendants are alleged to have made negligent or

2

intentional representations that Pondimin and/or Redux were safe and effective and actively concealed adverse information about the drugs' physical effects. Plaintiffs also allege that defendants had a post-sale duty to warn plaintiffs about the potential risks associated with the drugs. [*Id.*].

Defendants removed the action to federal court, asserting that the individual defendants were fraudulently joined to defeat diversity jurisdiction in the federal court. Plaintiffs have filed a motion to remand this action to state court, arguing that Alabama law allows them to assert claims against the individual defendants for fraud and suppression. They also seek sanctions against defendants for removing this action. Defendants have asked the court to stay this action pending transfer to the United States District Court for the Eastern District of Pennsylvania, the court handling the multidistrict litigation (MDL) against these defendants based on their manufacture and distribution of Pondimin and Redux, and allow the MDL court to rule on the motion to remand.

On February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation sent a letter to all judges involved with MDL-1203, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, encouraging them to issue rulings on pending motions to remand. It is noted that the identical issue raised by plaintiffs' motion to remand in this action has been addressed by other judges of this court. *See Hough v. Wyeth, et al.*, CV04-H-0393-S; *Eaton v. Wyeth, et al.*, CV04-P-0380-M; *McGowan v. Wyeth, et al.*, CV04-TMP-0298-S; *Bridges v. Wyeth, et al.*, CV04-AR-0297-J; *Marshal*

3

v. *Wyeth, et al.*, CV04-TMP-0179-S; *Storey v. Wyeth, et al.*, CV04-BE-0027-E; *Cash v. Wyeth, et al.*, CV03-RRA-3378-E; *Davis v. Wyeth, et al.*, CV03-J-3167-J; *Terrell v. Wyeth, et al.*, CV03-BE-2876-S; *Floyd v. Wyeth, et al*, CV03-C-2564-M]. In each of those cases, the judge remanded the action to state court based on lack of diversity among the properly-named parties.

Title 28 U.S.C. § 1332 provides that the district courts have original jurisdiction of all civil actions involving an amount in controversy in excess of $75,000 and between citizens of different states. Title 28 U.S.C. § 1441(a) allows actions filed in state court to be removed to federal court when the federal court would have original jurisdiction over the action. If a non-diverse defendant has been fraudulently joined to defeat jurisdiction, the action may nonetheless be removed to federal court, and the citizenship of the fraudulently-joined defendant is ignored.

The removing parties bear the burden of proving the joinder of resident defendants was fraudulent. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden can be met by presentation of evidence or information "that compels the conclusion that the joinder is without right and made in bad faith . . . ." *Frontier Airlines, Inc. v. United Airlines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989), quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the court must find that the joinder was proper

and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). A claim of fraudulent joinder must be supported by "clear and convincing evidence." *Lane v. Champion International Corp.*, 827 F.Supp. 701, 706 (S.D.Ala. 1993). The Eleventh Circuit Court of Appeals has established a two-step test for determining if a defendant is fraudulently joined:

> (1) look to see whether there is **no possibility** the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.

*Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) (emphasis added). The test looks to the plaintiff's pleadings at the time of removal, *Cabalceta*, 883 F.2d at 1561, and all questions of fact and controlling law must be resolved in favor of the plaintiff. *Id.*

In deciding whether plaintiffs have stated an arguable cause of action against the defendants alleged to have been fraudulently joined, the court must not allow the jurisdictional question to "subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981)). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the

5

joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original).

Defendants herein claim that Stacy Stubblefield and Betsy R. Weaver, Alabama residents, have been fraudulently joined to defeat jurisdiction in that plaintiffs cannot state a cause of action against these defendants for negligence, fraud or fraudulent concealment. They provide the affidavits of Stubblefield and Weaver, both of whom state they were sales representatives for Wyeth and both of whom deny they advertised, assembled, created, designed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, tested or warranted Pondimin or Redux. [Doc. #14 at Exhs. P, Q]. Stubblefield admits he detailed Redux, based solely on information provided to him by Wyeth. He also denies any knowledge of the alleged association between the drugs and valvular heart disease. [*Id.* at Exh. P]. However, the contents of the affidavits contradict plaintiffs' complaint allegations and go to the merits of plaintiff's claims against the individual defendants; they cannot provide the basis for a determination that plaintiffs' claims for negligence, misrepresentation, fraud or suppression against these individuals are without merit and can be ignored in the jurisdictional analysis.

After a review of the pleadings and Alabama law, the court cannot say that plaintiffs have no possibility of establishing a cause of action against Stubblefield or Weaver. At the very least, plaintiffs have stated a legally possible claim against these defendants for negligent misrepresentation.

Plaintiffs have alleged that Stubblefield and Weaver misrepresented certain material facts about the risks associated with the use of Pondimin and Redux and that plaintiffs, through their physicians, reasonably relied on the representations. Even if the court assumes neither Stubblefield nor Weaver had any knowledge of the risks associated with the drugs at the time they acted as sales representatives for Wyeth, thereby foreclosing any claim for intentional misrepresentation or suppression, the court cannot say that plaintiffs have wholly failed to state a claim for negligent misrepresentation under Alabama law. *See George v. Associated Doctors Health & Life Ins. Co.*, 675 So.2d 860, 862 (Ala. 1996); *Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App. 1996). *See also Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place") (citations omitted). Therefore, defendants have not satisfied their burden of coming forward with clear and convincing evidence that the joinder of Stubblefield and Weaver was fraudulent.

Accordingly, it is ORDERED that the Motion to Stay is due to be and hereby is DENIED. It is further ORDERED that the Motion to Remand is due to be and hereby is GRANTED and this action will be REMANDED to the Circuit Court of Marshall County, Alabama, fifteen (15) days after the date of entry of this order. The Motion for Sanctions is DENIED. Any party may seek a review of this order of remand pursuant to Rule 72(a), Fed.R.Civ.P.

7

DONE this ___11th___ day of March, 2004.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

04 MAR 11  PM 3:04

U.S. DISTRICT COURT
N.D. OF ALABAMA

MARCIA CARLISLE, et al.,           )
                                   )
                 Plaintiffs        )
                                   )
    vs.                            )     CASE NO. CV04-HGD-0394-S
                                   )
WYETH, et al.,                     )
                                   )     ENTERED
                 Defendants        )

MAR 11 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**O R D E R**

The above-entitled civil action is before the court on the
Emergency Motion to Remand filed by plaintiffs [Doc. #7], the Motion to Stay
to Allow Transfer to Multi-District Litigation Proceeding filed by defendants
[Doc. #11], and the Motion for Oral Argument filed by plaintiffs [Doc. #9].

Plaintiffs, Marcia Carlisle, Kathleen Johnson, and Donna McGuffie, all
Alabama residents, commenced this action by filing a complaint in the Circuit
Court of Jefferson County, Alabama. Named as defendants are Wyeth, Inc.,
Ben Lavender, and Anthony Cherry. Plaintiffs state that they have opted out
of the nationwide class action settlement reached in *Brown v. American Home
Products* and wish to pursue their claims for damages individually. They allege
that they took Pondimin or Redux, medications that were manufactured and
distributed by Wyeth, Inc., and suffered injuries as a result. They also allege
that defendants Lavender and Cherry, residents of Alabama, acted as

14

pharmaceutical sales representatives. Plaintiffs assert causes of action for strict liability under the Alabama Extended Manufacturers Liability Doctrine, failure to warn, failure to test, negligence, breach of warranties, fraud, misrepresentation, and conspiracy to defraud and conceal.

With respect to the individual defendants, Lavender and Cherry, plaintiffs claim:

> Upon information and belief, and at all times material hereto, these Sales Rep Defendants were individually employed, contracted, associated or otherwise engaged as a pharmaceutical sales person, detailer and/or pharmaceutical representative by [Wyeth] in furtherance of marketing, promoting, selling and/or distributing the pharmaceutical drugs fenfluramine (Pondimin®) and/or dexfenfluramine (Redux™) in the State of Alabama. As set forth more completely herein, the Sales Rep Defendants committed positive tortuous [sic] acts against each Plaintiff. Specifically, withinn the years of 1996 and 1997, and prior to that time, the following named Sales Rep Defendants were directly involved in detailing, marketing, promoting, selling and/or distributing of drugs fenfluramine (Pondimin®) and/or dexfenfluramine (Redux™), alone or in combination with phentermine to the following named Plaintiff's prescribing physicians:
>
> 1.   Sales Rep Defendant Ben Lavender detailed, marketed, promoted, sold and/or distributed fenfluramine (Pondimin®), dexfenfluramine (Redux™), alone or in combination with phentermine to Plaintiff Marcia Carlisle, Kathleen Johnson, and Donna McGuffie's prescribing physician, Omar Khalaf, M.D.; and
>
> 2.   Sales Rep Defendant Anthony Cherry detailed, marketed, promoted, sold and/or distributed fenfluramine (Pondimin®), dexfenfluramine (Redux™), alone or in combination with phentermine to Plaintiff Marcia Carlisle, Kathleen Johnson, and Donna McGuffie's prescribing physician, Omar Khalaf, M.D.

2

[Complaint at ¶ 24]. The tortious acts alleged to have been committed by Lavender and Cherry include failure to convey adequate warnings about the risks of fenfluramine and dexfenfluramine; negligent distribution, marketing, advertisement or promotion of the drugs; and fraudulent or reckless misrepresentations about the safety and efficacy of the drugs. The individual defendants also are alleged to have been part of a conspiracy to conceal from the public and plaintiffs information relating to the dangers associated with the drugs. [*Id.* at ¶ 25].

In Count IV, plaintiffs assert a cause of action for negligence against all defendants, alleging that each defendant owed a duty to plaintiffs to exercise reasonable care in the marketing and promotion of fenfluramine and dexfenfluramine. The individual defendants are claimed to have been negligent in their actions, misrepresentations, and omissions toward plaintiffs. [*Id.* at ¶¶ 101-02]. Count VI alleges a cause of action for intentional or reckless misrepresentation for providing allegedly false, incomplete and misleading information about the drugs to plaintiffs' physicians and others, upon which plaintiffs relied to their detriment. [*Id.* at ¶¶ 112-17].

In Count VII, plaintiffs allege that defendants negligently represented to plaintiffs' physicians and others that the drugs were safe and the utility of the drugs outweighed any risks. It also is alleged that defendants negligently failed to disclose important safety and injury information, which they had a duty to disclose in the marketing and promotion of the drugs. [*Id.* at ¶¶118-23].

3

Plaintiffs assert that defendants, "individually and collectively, committed acts of negligent misrepresentation and negligent concealment by suppressing material facts relating to the dangers and injuries associated with, and caused by, the use of the subject drugs." [*Id.* at ¶ 120].

Defendants removed the action to federal court, asserting that the individual defendants were fraudulently joined to defeat diversity jurisdiction in the federal court. Plaintiffs have filed a motion to remand this action to state court, arguing that Alabama law allows them to assert claims against the individual defendants for negligence, fraudulent, reckless or negligent misrepresentation, and conspiracy to conceal material information. Plaintiffs have submitted the affidavit of Dr. Omar Khalaf, in which he states that Lavender and Cherry visited his office and promoted and marketed fenfluramine and dexfenfluramine to him. [Doc. #7 at Exh. A, ¶ 3]. Dr. Khalaf further states that he relied on Lavender and Cherry to disclose to him any side effects of the drugs not discoverable in common sources, any safety issues, and any adverse drug events reports received by Wyeth. [*Id.* at ¶ 4]. Neither Lavender nor Cherry informed him of any safety issues; in fact, they continuously represented that the drugs were safe and effective for long term use. [Id. at ¶¶ 5, 6].

Defendants have asked the court to stay this action pending transfer to the United States District Court for the Eastern District of Pennsylvania, the court handling the multidistrict litigation (MDL) against these defendants based

on their manufacture and distribution of Pondimin and Redux, and allow the MDL court to rule on the motion to remand.

On February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation sent a letter to all judges involved with MDL-1203, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, encouraging them to issue rulings on pending motions to remand. It is noted that the identical issue raised by plaintiffs' motion to remand in this action has been addressed by other judges of this court. *See Hough v. Wyeth, et al.*, CV04-H-0393-S; *Eaton v. Wyeth, et al.*, CV04-P-0380-M; *McGowan v. Wyeth, et al.*, CV04-TMP-0298-S; *Bridges v. Wyeth, et al.*, CV04-AR-0297-J; *Marshal v. Wyeth, et al.*, CV04-TMP-0179-S; *Storey v. Wyeth, et al.*, CV04-BE-0027-E; *Cash v. Wyeth, et al.*, CV03-RRA-3378-E; *Davis v. Wyeth, et al.*, CV03-J-3167-J; *Terrell v. Wyeth, et al.*, CV03-BE-2876-S; *Floyd v. Wyeth, et al*, CV03-C-2564-M]. In each of those cases, the judge remanded the action to state court based on lack of diversity among the properly-named parties.

Title 28 U.S.C. § 1332 provides that the district courts have original jurisdiction of all civil actions involving an amount in controversy in excess of $75,000 and between citizens of different states. Title 28 U.S.C. § 1441(a) allows actions filed in state court to be removed to federal court when the federal court would have original jurisdiction over the action. If a non-diverse defendant has been fraudulently joined to defeat jurisdiction, the action may

5

nonetheless be removed to federal court, and the citizenship of the fraudulently-joined defendant is ignored.

The removing parties bear the burden of proving the joinder of resident defendants was fraudulent. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden can be met by presentation of evidence or information "that compels the conclusion that the joinder is without right and made in bad faith . . . ." *Frontier Airlines, Inc. v. United Airlines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989), quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). A claim of fraudulent joinder must be supported by "clear and convincing evidence." *Lane v. Champion International Corp.*, 827 F.Supp. 701, 706 (S.D.Ala. 1993). The Eleventh Circuit Court of Appeals has established a two-step test for determining if a defendant is fraudulently joined:

> (1) look to see whether there is **no possibility** the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.

6

*Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) (emphasis added). The test looks to the plaintiff's pleadings at the time of removal, *Cabalceta*, 883 F.2d at 1561, and all questions of fact and controlling law must be resolved in favor of the plaintiff. *Id.*

In deciding whether plaintiffs have stated an arguable cause of action against the defendants alleged to have been fraudulently joined, the court must not allow the jurisdictional question to "subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981)). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original).

Defendants herein claim that Ben Lavender and Anthony Cherry, Alabama residents, have been fraudulently joined to defeat jurisdiction in that plaintiffs cannot state a cause of action against these defendants. They provide the affidavits of Lavender and Cherry, both of whom state they are or were sales representatives for Wyeth and both of whom deny they advertised, assembled, created, designed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, tested or warranted Pondimin or Redux. [Doc. #6]. Both admit they promoted and detailed Redux, based solely on information provided to them by Wyeth. They also deny any knowledge of the alleged

7

association between the drugs and valvular heart disease. [*Id.*]. However, the contents of the affidavits contradict plaintiffs' complaint allegations and go to the merits of plaintiff's claims against the individual defendants; they cannot provide the basis for a determination that plaintiffs' claims for negligence, misrepresentation, fraud or suppression against these individuals are without merit and can be ignored in the jurisdictional analysis.

After a review of the pleadings and Alabama law, the court cannot say that plaintiffs have no possibility of establishing a cause of action against Lavender or Cherry. At the very least, plaintiffs have stated a legally possible claim against these defendants for negligent misrepresentation. Plaintiffs have alleged that Lavender and Cherry misrepresented certain material facts about the risks associated with the use of Pondimin and Redux and that plaintiffs, through their physicians, reasonably relied on the representations. Even if the court assumes neither Lavender nor Cherry had any knowledge of the risks associated with the drugs at the time they acted as sales representatives for Wyeth, thereby foreclosing any claim for intentional misrepresentation or suppression, the court cannot say that plaintiffs have wholly failed to state a claim for negligent misrepresentation under Alabama law. *See George v. Associated Doctors Health & Life Ins. Co.*, 675 So.2d 860, 862 (Ala. 1996); *Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App. 1996). *See also Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made

possible the damages to him by practicing the deceit in the first place")
(citations omitted).  Therefore, defendants have not satisfied their burden of
coming forward with clear and convincing evidence that the joinder of Lavender
and Cherry was fraudulent.

Accordingly, it is ORDERED that the Motion to Stay is due to be and
hereby is DENIED, and the Motion for Oral Argument is due to be and hereby
is DENIED.  It is further ORDERED that the Emergency Motion to Remand is due
to be and hereby is GRANTED and this action will be REMANDED to the Circuit
Court of Jefferson County, Alabama, fifteen (15) days after the date of entry of
this order.  Any party may seek a review of this order of remand pursuant to
Rule 72(a), Fed.R.Civ.P.

DONE this __11th__ day of March, 2004.


HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

MICHAL HALL and
GARY HALL,

    Plaintiffs,

v.                       Case No. CV 04-J-0434-NE

WYETH, et al.,

    Defendants.

**ENTERED**

**MAR -9 2004**

### MEMORANDUM OPINION

This matter is before the court *sua sponte.* The court finds that it lacks subject

matter jurisdiction over the above-entitled removed case because the removing

defendant has failed to carry its heavy burden of proof of fraudulent joinder and the

attendant lack of complete diversity of the parties. The court finds as follows:

Plaintiffs filed suit in the Circuit Court of Madison County against defendant

Wyeth, Inc. ("Wyeth"), and two of defendant Wyeth's pharmaceutical sales

representatives, Stacy Stubblefield ("Stubblefield") and Michael Sullivan

("Sullivan"). The parties do not dispute that at least one of the sales representatives,

Stubblefield, is an Alabama resident. The plaintiffs assert claims under the Alabama

Extended Manufacturer's Liability Doctrine (AEMLD), negligence, breach of

warranties, misrepresentation and suppression, civil conspiracy and loss of

consortium arising from plaintiff Michal Hall's use of the diet drug Pondimin alone

and/or in combination with Phentermine. Defendant Wyeth removed this action from the Circuit Court of Madison County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and that the individual defendant Stubblefield was fraudulently joined as the plaintiffs have no reasonable possibility of prevailing on any of their claims against him. Notice of Removal, ¶¶ 4, 8.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity — every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship.").

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendant. Joinder is fraudulent where "there is no possibility that the plaintiff would be able to establish a cause of action against the resident [non-diverse] defendant." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

2

> "If there is *even a possibility* that a state court would find that the
> complaint states a cause of action against any one of the resident
> defendants, the federal court must find that the joinder was proper and
> remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The
> plaintiff need not have a winning case against the allegedly fraudulent
> defendant; he need only have a possibility of stating a valid cause of
> action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The defendant, as the party removing the action to federal court, has the burden

to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368,

1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). All

doubts (and uncertainties) about federal court jurisdiction must be resolved in favor

of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.

1994); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy

one.' To determine whether the case should be remanded, the district court must

evaluate the factual allegations in the light most favorable to the plaintiff and must

resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe

v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).[1]

---

[1]This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor
Insurance Company*, 31 F.3d 1092, 1095 (11th Cir. 1994), where the Court stated "Federal courts
are courts of limited jurisdiction. While a defendant does have a right, given by statute, to
remove in certain situations, plaintiff is still the master of his own claim. [citations omitted]
Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; ...
removal statutes are construed narrowly; ... uncertainties are resolved in favor of remand.
[citations omitted]"

3

Plaintiffs allege in their complaint that each of the individual defendants promoted, distributed, sold, and/or marketed Pondimin and Redux and made representations to plaintiff Michal Hall's prescribing physician concerning these drugs. Complaint, ¶¶ 16, 19, 37-40, 71-88. Based on these representations, the plaintiff was prescribed these drugs by her physician. *Id.* Defendant Wyeth asserts that the non-diverse defendant never promoted Pondimin and hence, said individual defendant can not be liable for the plaintiffs' injuries from Pondimin. Notice of Removal, ¶ 10. However, this argument goes to the merits of the plaintiffs' claims against the non-diverse defendant, which is not the issue before this court. The fact that plaintiffs may not ultimately prevail against any of the individual defendants is not a proper inquiry for this court in considering a motion to remand.

Rather, this court may only consider whether the plaintiffs have the possibility of stating a valid cause of action against the non-diverse defendant. *Triggs*, 154 F.3d at 1287. Stubblefield does not deny that he made representations concerning Pondimin or Redux to physicians based on information provided to him by Wyeth. Affidavit of defendant Stubblefield.[2] Because the court need only find one possible valid cause of action against the non-diverse defendant, the court considers only the

---

[2] The court notes that defendant Stubblefield's affidavit omits a heading indicating what County and State in which the notary public serves. The court further notes that the affidavit of defendant Sullivan has the style of a different case.

plaintiffs' claim of fraudulent misrepresentation and suppression, which the plaintiff

has pleaded against all defendants.

To establish misrepresentation under Alabama law, irrespective of whether the

misrepresentation was made willfully, recklessly, or mistakenly, the plaintiff must

prove: "(1) a false representation; (2) that the false representation concerned an

existing material fact; (3) that the plaintiff relied on the false representation; and (4)

that the plaintiff was damaged as a proximate result of the reliance." *Chase v.*

*Kawasaki Motors Corp.*, 140 F. Supp. 2d 1280, 1291 (M.D. Ala. 2001). The fact that

the representation was made to a different individual than the one suffering the injury

is not fatal to a claim for misrepresentation under Alabama law. *See Thomas v.*

*Halstead*, 605 So. 2d 1181, 1184 (Ala. 1992) ("if a third person is injured by the

deceit, he may recover against the one who made possible the damages to him by

practicing the deceit in the first place"); *Chase*, 140 F. Supp. 2d at 1291, n. 8 ("The

court notes that under Alabama law it is not always required that a plaintiff prove that

a misrepresentation was made directly to him, so long as his injuries resulted from the

misrepresentation."). Thus "there is a duty not to make a false representation to those

to whom a defendant intends, for his own purposes, to reach and influence by the

representation." *Wheelan v. Sessions*, 50 F. Supp. 2d 1168, 1174 (M.D. Ala. 1999)

5

(quoting *Colonial Bank of Ala. v. Ridley & Schweigert*, 551 So. 2d 390, 396 (Ala. 1989)).

Common sense dictates that the reason drug representatives make representations to physicians is to encourage physicians to prescribe the products the representatives promote to the physicians' patients. In other words, a drug representative should reasonably foresee that physicians' reliance on his representations will cause physicians to prescribe the products he promotes to the physicians' patients for their consumption. There can be no other purpose for the promotion of said products to physicians. Such a situation is clearly within Alabama law on third party standing in misrepresentation cases. "[T]he entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would be induced to act by the deceiver's misstatements made to someone else." *Chase*, 140 F. Supp. 2d at 1293 (citing *Sims v. Tigrett*, 229 Ala. 486, 158 So. 326, 330 (1934)). *See also Ex parte Grand Manor Inc.*, 778 So. 2d 173, 182 (Ala. 2000) ("If the fraudulent statement is made with the intent and expectation that the one to whom it is made will pass the statement on to the plaintiff, then the plaintiff is entitled to rely on that statement, even if it is not made personally or directly to the plaintiff."); 37 AM. JUR. 2D § 292 ("Third parties may recover damages for a fraudulent misrepresentation if they can establish that they relied upon the

misrepresentation to their detriment and that the defendant intended the misrepresentation to be conveyed to them."). The court is therefore of the opinion that the plaintiffs have stated a cause of action for misrepresentation against the non-diverse defendant.

Under Alabama law, this meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that the individual defendants misrepresented material facts about Pondimin and Redux to a physician, who thereafter, and in reliance on said representations, prescribed these medications to a patient who was injured by them, possibly states a valid cause of action. The fact that the drug representatives made no attempt to ascertain the truth of the facts they presented is not a bar to liability under Alabama law. Rather, even an innocent misrepresentation made in good faith may constitute a legal fraud if such misrepresentation is of a material fact. *See Goggans v. Realty Sales & Mortgage*, 675 So. 2d 441, 443 (Ala. Civ. App. 1979).

Having reviewed the allegations set forth in the plaintiffs' complaint, the court finds such allegations do state a possible cause of action against the resident defendant. The plaintiffs need not have a winning case against the allegedly fraudulent defendant; they need only have a possibility of stating a valid cause of

action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiffs have stated a claim against the non-diverse defendant, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker*, 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Madison County, Alabama, by separate Order.

**DONE** this the ____9____ day of March, 2004.


INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 24  AM 10: 15

U.S. ᴅᴉꜱᴛᴨ ᶜᴼᵁᴿᵀ
N.D. OF AL ᴬᴮᴬᴹᴬ

**ENTERED**

FEB 2 4 2004

|  |  |
|---|---|
| ANN McGOWAN, BECKY PARTINGTON, and LAURA STANFIELD, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| WYETH, INC., WYETH PHARMACEUTICALS, INC., BEN LAVENDER, and ANTHONY CHERRY, | ) ) ) ) ) |
| Defendants. | ) ) |

Case No. CV-04-TMP-298-S

## MEMORANDUM OPINION AND ORDER OF REMAND

This cause is before the court on the plaintiffs' emergency motion to remand, filed February 17, 2004, to which defendants responded with a motion to stay pending transfer to the MDL proceedings on February 19, 2004. The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

### Procedure History

Plaintiffs McGowan, Partington, and Stanfield filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Ben Lavender and Anthony Cherry, in the Circuit Court of Jefferson County, Alabama, on January 16, 2004. The complaint alleges claims for "strict liability–defective product," "strict liability–failure to warn," "strict liability–failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet

medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc.  In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease.  Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, they have suffered medical injuries due to that use.  With respect to defendants Lavender and Cherry, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with the use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court[1] on February 13, 2004, contending that the court has original diversity jurisdiction because Lavender and Cherry, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction.  Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Cherry are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there.  Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

---

[1] There has been a spate of these removals in the last few weeks.  The undersigned himself has dealt with two earlier removals in Marshal, et al., v. Wyeth, Inc., et al., CV-04-TMP-179-S, and Johnson, et al., v. Wyeth, et al., CV-04-TMP-224-S.  Consequently, the court is thoroughly familiar with the positions and arguments of the parties.

2

Fraudulent Joinder

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Cherry are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Lavender and Cherry were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Lavender and Cherry did not sell or promote the drug Pondimin at all and that they knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender or Cherry, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing

party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions

may be considered, the court must not undertake to decide the merits of the claim while deciding

whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548-49. **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001),

the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Cherry misrepresented certain material facts about the risks associated with use of Pondimin[2] and Redux and that plaintiffs,

---

[2] Lavender and Cherry have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Lavender's and Cherry's liability. They admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must

5

through their physicians, reasonably relied upon such misrepresentations. It is unimportant that

Lavender and Cherry did not know of the risks and, therefore, did not *intentionally* misrepresent the

risks associated with these drugs. Alabama law recognizes an action for innocent or negligent

misrepresentation as well as for reckless and intentional misrepresentations. For example, the

Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended
> misrepresentation. The good faith of a party in making what proves to be a material
> misrepresentation is immaterial as to whether there was an actionable fraud. Smith
> v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though
> a misrepresentation be made by mistake and innocent of any intent to deceive, if it
> is a material fact and is acted upon with belief in its truth by the one to whom it is
> made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d
> 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v.

Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Cherry did not know of the PPH and valvular

heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally

misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint,

understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible

that a state court may find that the complaint states a claim against the non-diverse defendant, even

if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been

fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

---

undertake.

6

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Cherry. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and Cherry is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Uncertainties must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Cherry are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

### Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to

the entry of this Order. <u>See</u> <u>Roell v. Withrow</u>, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775

(2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this _____ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

8

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 23  PM 3: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JUANITA JOHNSON, LORETTA SUE KERCE, MYRTICE D. MILLS, VICKI N. PARSONS, DEENA L. PHILLIPS, LINDA J. PIPER, BRENDA J. ROTH, ALLISON L. WEST, )))))))<br><br>Plaintiffs, )))<br><br>vs. )))<br><br>WYETH, a corporation; DAVID WURM, an individual, et al., )))))<br><br>Defendants. ) | **ENTERED**<br><br>FEB 2 3 2004<br><br>Case No. CV-04-TMP-224-S |

## MEMORANDUM OPINION AND REMAND ORDER

This cause is before the court on the plaintiffs' motion to remand and for sanctions (Doc. 8) filed February 10, 2004, as well as defendant Wyeth's motion to stay pending transfer to the Multi-District Litigation court (Doc. 10), filed February 17, 2004. For the reasons expressed below, the court finds that the motion for remand is due to be granted, the motion for sanctions denied, and the motion for a stay denied.

### Procedure History

Plaintiffs filed their joint complaint against defendants Wyeth and one of Wyeth's pharmaceutical salesmen, David Wurm, in the Circuit Court of Jefferson County, Alabama, on January 5, 2004. They allege claims under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") and for product liability–failure to warn, breach of the implied warranty of

merchantability, negligence, wantonness, fraud, misrepresentation, and suppression, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendant Wurm, plaintiffs contend that this salesmen was one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that he either innocently, negligently, or recklessly failed to reveal to plaintiffs' physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on February 4, 2004, contending that the court has original diversity jurisdiction because Wurm is fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their motion to remand that Wurm is not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

<u>Fraudulent Joinder</u>

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Wurm, a pharmaceutical representative employed by Wyeth and its predecessor, American Home Products, Inc., is an Alabama resident and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Wurm was fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, his presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Wurm did not sell or promote the drug Pondimin at all and that he knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against Wurm, making his joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in <u>Crowe v. Coleman</u>, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' <u>B. Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

<u>Id.</u> at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of

3

his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548- 49. **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendant, Wurm, in the form of a negligent fraud claim. To state such a possible claim, the plaintiffs need only allege that Wurm misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians,

---

[1] Wurm has filed an affidavit in which he states that he never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Wurm's liability. Wurm admits that when questioned by physicians about Pondimin, he attempted to provide answers based on the information he received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that he made misstatements about the risks of using Pondimin, as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

reasonably relied upon such misrepresentations.  It is unimportant that Wurm did not know of the

risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs.

Alabama law recognizes an action for innocent or negligent misrepresentation as well as for reckless

and intentional misrepresentations.  For example,  the Alabama Court of Civil Appeals has

explained:

> An innocent misrepresentation is as much a legal fraud as an intended
> misrepresentation.  The good faith of a party in making what proves to be a material
> misrepresentation is immaterial as to whether there was an actionable fraud.  Smith
> v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986).  Under the statute, even though
> a misrepresentation be made by mistake and innocent of any intent to deceive, if it
> is a material fact and is acted upon with belief in its truth by the one to whom it is
> made, it may constitute legal fraud.  Mid-State Homes, Inc. v. Startley, 366 So. 2d
> 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v.

Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Wurm did not know of the PPH and valvular heart disease

risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *he*

knew, his innocent misrepresentations, at least as alleged by the complaint, understating the risks

constitute a "possible" cause of action in Alabama.  As long as it is possible that a state court may

find that the complaint states a claim against the non-diverse defendant, even if it is a claim with

poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and

the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing

fraudulent joinder of Wurm.  There is a possibility that the plaintiffs can state a claim against him,

6

as a sales representative who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Wurm is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Wurm, a non-diverse defendant, is not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

## Order.

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

7

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this ____23____ day of February, 2004.


T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

8

FILED

FEB - 2 2004

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

HELEN BOSWELL, et al.,          )
                                )
        Plaintiffs,             )
                                )
        v.                      )        CIVIL ACTION NO.
                                )        03-T-1256-N
WYETH, a corporation,           )
et al.,                         )
                                )
        Defendants.             )

## ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.   The court agrees with
plaintiffs that this case should be remanded to state
court.  First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiffs have colorable
claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v.
Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).
Second, there has not been fraudulent misjoinder of any

EOD  2/2/04

resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 2, 2004 (doc. no. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Crenshaw County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 2nd day of February, 2004.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

02/05/2004  18:39   8504340510   BEN GORDON   PAGE  05
02/04/2004 15:47 FAX 2052323338   K Stephen Jackson PC

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

**FILED**

JAN 2 3 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

SARA BLAIR, et al.,          )
                             )
      Plaintiffs,            )
                             )
      v.                     )          CIVIL ACTION NO. 03-T-1251-S
                             )
WYETH, et al.,               )
                             )
      Defendants.            )

## ORDER

This lawsuit, which was removed from state to federal court
based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§
1332, 1441, is now before the court on plaintiffs' motion to
remand.  The court agrees with plaintiffs that this case should be
remanded to state court.  First, there has not been fraudulent
joinder of any resident defendant (that is, plaintiffs have
colorable claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard
Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any
resident defendant (that is, plaintiffs have reasonably joined such
a defendant with other defendants pursuant to Rule 20 of the
Federal Rules of Civil Procedure), see Tapscott v. MS Dealer
Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

**EOD** *January 23, 2004*

11

02/05/2004  10:39   8504340510                   BEN GORDON                        PAGE  07
02/04/2004 15:47 FAX 2032523338          K Stephen Jackson PC                      07

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on December 30, 2003 (Doc. No. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___ day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

FEB 27 PM 3: 26

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN W. SMITH,

    Plaintiff,

v.

WYETH, et al.,

    Defendants.

Case No.: CV 04-P-226-M

## ENTERED

FEB 2 7 2004

## ORDER

On February 16, 2004, the court entered an Order staying this litigation pending action by the Judicial Panel on Multidistrict Litigation. *See In re Diet Drugs (Phentermine/Fenfluramine /Dexfenfluramine) Products Liability Litigation*, MDL-1203. (Doc. #11). Based upon the analysis set forth in recent related remand decisions by other judges of this court, the stay is **LIFTED**, Plaintiffs' Motion to Remand (Doc. #8) filed on February 10, 2004, is **GRANTED**, and this case is **REMANDED** to the Circuit Court of DeKalb County. *See, e.g., Martha M. Davis v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Plaintiffs' Motion for Sanctions (Doc. #8) is **DENIED**.

**DONE** and **ORDERED** this ‾27‑h‾ day of February, 2004.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

**FILED**

JAN 23 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RITA BRUNSON,            )
                         )
      Plaintiff,         )
                         )
      v.                 )      CIVIL ACTION NO. 03-T-1167-S
                         )
WYETH, et al.,           )
                         )
      Defendants.        )

### ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiff has colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

**EOD** _1/23/04_

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on December 16, 2003 (Doc. No. 11), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Geneva County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___23d___ day of January, 2004.

 

 

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION FILED

JAN 23 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

VALERIE BALLARD, et al.,          )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )    CIVIL ACTION NO. 03-T-1255-N
                                  )
WYETH, et al.,                    )
                                  )
        Defendants.               )

### ORDER

This lawsuit, which was removed from state to federal court
based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§
1332, 1441, is now before the court on plaintiffs' motion to
remand.  The court agrees with plaintiffs that this case should be
remanded to state court.  First, there has not been fraudulent
joinder of any resident defendant (that is, plaintiffs have
colorable claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard
Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any
resident defendant (that is, plaintiffs have reasonably joined such
a defendant with other defendants pursuant to Rule 20 of the
Federal Rules of Civil Procedure), see Tapscott v. MS Dealer
Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD 1/23/04

12

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 6, 2004 (Doc. No. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 2\_8\_th day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 DEC 12 PH 2: 02
U.S. DISTRICT COURT
N.D. OF ALABAMA

STEPHANIE TERRELL, et al.,    ]
]
Plaintiffs,    ]
]
v.    ]        CV-03-BE-2876-S
]
WYETH, et al.,    ]
]
Defendants.    ]
]
]
]
]
]

ENTERED
DEC 12 2003

## MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on Plaintiff's Motion to Remand (Doc. 10). Having reviewed the pleadings and briefs of counsel, the court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, therefore, the court is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on October 23, 2003 from the Circuit Court of Jefferson County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Pam Parker, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Ms. Parker is fraudulently joined.

1

18'

The standard for successfully removing a case from state to federal court is a high one, and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheo de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility to establish a cause of action against non-diverse defendants in state court, or (b) that the plaintiff's pleading of jurisdictional facts have been made fraudulently. Cabelcata, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." See Coker, 709 F.2d at 1440-41; see also Pacheo de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand*. See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

2

Although the plaintiffs' claims against defendant Parker appear to raise novel questions of Alabama state law, this court will not speculate that the plaintiffs have *no* possibility of establishing a cause of action against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, it would be premature for this court to make rash decisions regarding the nature and timing of the injuries sustained by the plaintiffs, or the employment history of defendant Parker. Nor can the court conclusively determine that the plaintiffs would not be successful in urging its various theories under Alabama law.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve *all* doubts in favor of remand, the Plaintiffs' Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Jefferson County, Alabama.

DONE and ORDERED this 12th day of December, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT

3

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NOV 2 1 2003

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CLERK

U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

SHARON C. CRITTENDEN,        )
et al.,                      )
                             )
        Plaintiffs,          )
                             )
        v.                   )        CIVIL ACTION NO.
                             )           03-T-920-N
WYETH, a corporation,        )
et al.,                      )
                             )
        Defendants.          )

## ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.  The court agrees with
plaintiffs that this case should be remanded to state
court.  First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiffs have colorable
claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v.
Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

EOD  11/21/03

20

02/05/2004  18:39  8584548518                                    PAGE  05
02/04/2004 13:40 FA  2052523558         K Stephen Jackson PC         Ø003

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 2) of the Federal Rules of Civil Procedure). See Triggs v. MG Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motions to remand, filed on September 30 and October 15, 2003 (doc. nos. 9, 13, and 14), are granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21st day of November, 2003.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

04FEB -3  AM 10:

U.S. DISTRICT COU
N.D. OF ALABAMA

SANDRA CASH,                     )
                                 )
          Plaintiff,             )
                                 )
                                 )
                                 )
vs.                              )          CIVIL ACTION NO. 03-RRA-3378-E
                                 )
WYETH, et al.,                   )
                                 )
          Defendants.            )

**ENTERED**

FEB - 3 2004

## MEMORANDUM OF DECISION

This action was removed from the Circuit Court of Calhoun County, Alabama. The plaintiff has filed a motion to remand. The complaint alleges that she suffered valvular heart disease as a result of taking the drug Pondimin or Redux. (The defendants state that the plaintiff took Pondimin only.) The question before the court is whether defendant Anthony Cherry, Wyeth's sales representative, was fraudulently joined as a defendant in order to defeat diversity jurisdiction.

Remand must be granted if there is a possibility that the state court would find that the plaintiff has stated a claim against the defendant in question. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). Evidence may be considered as well as the allegations in the complaint:

> To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. *Id.* at 549. The federal court makes these determinations based on the plaintiff's pleadings at the

time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties.

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), *quoting B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). Along with other submissions, the defendants have submitted the affidavit of Cherry, and the plaintiff has presented the affidavit of her doctor, Omar Khalaf. The parties have not conducted discovery.

The complaint alleges the following against Cherry:

22. Upon information and belief the positive tortious acts which were committed by the Sales Rep Defendant in his individual and/or corporate capacity, include, but are not limited to, the following:

   a.   Sales Rep Defendant failed to convey adequate warnings to the Plaintiff through the prescribing physician set forth above regarding the risks of prescribing fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

   b.   Sales Rep Defendant was in the business of marketing, promoting, selling and/or distributing the unreasonably dangerous pharmaceutical drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™) which has caused harm to the Plaintiff SANDRA CASH;

   c.   Sales Rep Defendant negligently distributed, marketed, advertised and/or promoted the drugs fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

   d.   Sales Rep Defendant made fraudulent and reckless misrepresentations regarding the character, safety and efficacy of the drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), and;

   e.   Sales Rep Defendant, with knowledge of unreasonable risks associated with the ingestion of fenfluramine (Pondimin®) and dexfenfluramine (Redux™), alone and/or in combination with phentermine continued to make misrepresentations regarding the character, safety and efficacy of drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), while providing and/or offering incentives, rebates, reimbursements, perks, and/or other consideration to Plaintiff's prescribing physician

2

in furtherance of attempting to influence the prescribing of
said diet drugs.

23.    Defendant Anthony Cherry is a citizen of Calhoun County and is over nineteen
years of age.  At all times material hereto, this Defendant was <u>in the business of</u>
<u>promoting, marketing , developing, selling and/or distributing the pharmaceutical</u>
<u>drugs fenfluramine and/or dexfenfluramine in the State of Alabama and did market,</u>
<u>develop, sell, detail and/or distribute said drugs to Plaintiff, Sandra Cash's prescribing</u>
<u>physician, Omar Khalaf, M.D.</u>  This defendant was also involved in a <u>conspiracy to</u>
<u>conceal certain information relating to the dangers associated with the subject drug</u>
products from the consuming public, including but not limited to Plaintiff.

*Complaint*, ¶¶22-23 (emphasis added). Thus, the complaint alleges that Cherry failed to warn

of the dangers of Pondimin, negligently marketed and distributed this dangerous drug,

recklessly and intentionally misrepresented its dangers, and conspired to conceal its dangers.

The defendants state that under Alabama law the plaintiff clearly cannot state a claim

against Cherry.  They cite law holding that, absent personal participation, an employee is not

liable for the negligence of his employer, that the fraud and conspiracy claims are not pled

with particularity, and that a conspiracy claim fails when the claims underlying the conspiracy

fail. Moreover, they factually contend that Cherry said nothing about Pondimin whatsoever.

Relying on Cherry's affidavit, the defendants state that Cherry did not even promote

Pondimin, that Wyeth composed warnings and other information concerning Pondimin for

Cherry, who was not a part of that process, and that Cherry did not have the expertise to

question the accuracy of any information supplied by Wyeth.  Cherry further states in his

affidavit that he was unaware of any association between Pondimin and the heart disease of

which the plaintiff complains, and he made no representation whatsoever concerning this

drug. The defendants assert in their written opposition to remand that this evidence is uncontroverted. However, Dr. Khalaf states that Cherry visited his office and "promoted and marketed" Pondimin, *Khalaf Affidavit*, ¶3, and that Cherry "continuously represented that [Pondimin and Redux] were safe and effective. Also, [Cherry] represented to [him] that the drugs were safe and effective for long term use," *id.* at ¶6.[1] Khalaf additionally states:

> The reliance I placed on Mr. Cherry and Mr. Lavender regarding safety issues for Pondimin and Redux was made even more critical by the fact that warnings to physicians prescribing Pondimin and Redux that these drugs could cause valvular heart disease were not contained in the Physicians' Desk Reference ("PDR") until the 1998 edition, which was after Pondimin and Redux were withdrawn from the market.

*Id.* at ¶7.

## Whether to Defer to MDL Judge

The defendants want the court to allow this remand issue to go to the MDL court. In her motion to remand, the plaintiff responds that in an MDL hearing the judge "indicated a preference" for all remand motions to be handled by the various district courts. In their written opposition to remand, the defendants respond that a copy of the transcript of the 1998 hearing stating such "sentiments" has not been supplied by the plaintiff. The defendants, however, do not deny that the judge did, in fact, indicate such a preference.

The defendants refer to statements in an August, 2003 memorandum written by the MDL judge:

---

[1] Materials presented to the court by the defendants included information sent to Wyeth's sales force. In "Questions and Answers About Pondimin" and in the Pondimin "Fact Sheet" it is stated that Pondimin is for short-term use.

4

> [R]ecurrent issues have continued to emerge in connection with motions to remand to state courts cases removed by Wyeth on the basis of diversity of citizenship. We have now developed a broader perspective than is usually available to individual transferor courts in dealing with widespread efforts fraudulently to join Phentermine manufacturers as a tactic to thwart removal of cases to the federal courts. Likewise, we are continuing to address the fraudulent joinder of individual physicians and pharmacies as defendants as a means to prevent removal. Many of these issues have common patterns as well as ramifications far beyond any specific case. Again, we believe these issues are best resolved in a uniform manner through the coordinated proceedings of MDL 1203.

This memorandum was addressing motions to remand all pending *cases* to the various transferor courts on the ground that the MDL had done its work. The court gave several reasons why the cases should not be remanded to the transferor courts, one of which was that, after all its work, the MDL had developed a "broader perspective than is usually available" to the transferor courts in dealing with motions to remand to state courts based on fraudulent joinder.

Also, the defendants cite *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990):

> Agent Orange cases are particularly well-suited for multidistrict transfer, even where their presence in federal court is subject to a pending jurisdictional objection. The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation. That issue, however, involves common questions of law and fact, some or all of which relate to the Agent Orange class action and settlement, *see In re "Agent Orange" Prod. Liab. Litig.*, 611 F.Supp. 1396 (E.D.N.Y.1985), *aff'd in part, rev'd in part*, 818 F.2d 179 (2d Cir.1987), *cert. denied*, 487 U.S. 1234, 108 S.Ct. 2899, 101 L.Ed.2d 932 (1988), and there are real economies in transferring such cases to Judge Weinstein, who has been handling the Agent Orange litigation for several years, *see In re "Agent Orange" Prod. Liab. Litig.*, MDL No. 381, 818 F.2d 145, 154-59 (2d Cir.1987) (describing history of proceedings before Judge Weinstein), *cert. denied*, 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 647 (1988). Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served. We hold, therefore, that the MDL

> Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, *cf. United States v. United Mine Workers,* 330 U.S. 258, 290, 67 S.Ct. 677, 694, 91 L.Ed. 884 (1947) (district court has authority to issue injunction while jurisdictional questions are pending), that objection to be resolved by the transferee court.

*Id.* at 9. This language points out what lies at the heart of MDL litigation: common questions of law or fact.

The question of whether Cherry was negligent or made fraudulent statements is specific to this case. The MDL court would not be in a better position to decide remand than this court. Also, this court has heard oral argument and considered the parties' contentions. Wherefore, the court will exercise its discretion to decide the question of fraudulent joinder.

## Whether There Is Fraudulent Joinder

The defendants' argument against remand is premised upon the evidence being uncontroverted that Cherry did not promote or market or make any representation to Dr. Khalaf about Pondimin. If that were true, the motion to remand might be due to be denied. But there is clearly a factual dispute about what Cherry did and said, as Dr. Khalaf states that Cherry visited his office, promoted and marketed Pondimin, and represented that Pondimin was safe and effective for long-term use. Wherefore, there is at least a possibility that the plaintiff has a claim against Cherry.

## Decision

For the reasons stated above, the court has decided to exercise its discretion to decide

the remand issue, this is not a case of fraudulent joinder, and the motion to remand is due to

be granted for lack of subject matter jurisdiction. An appropriate order will be entered.

DONE this __2nd__ day of February, 2004.

Robert R. Armstrong, Jr.
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

04 JAN 30  PM 3: L

... ... ...  COU
N.D. OF ALABAM,

| | | |
|---|---|---|
| SANDRA STOREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-04-BE-27-E |
| | ) | |
| WYETH, INC., WYETH | ) | |
| PHARMACEUTICAL, and | ) | |
| ANTHONY CHERRY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ]. | |
| | ) | |

**ENTERED**

JAN 3 0 2004

## MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on the plaintiff's "Motion to Remand" (Doc. 5). Having reviewed the entirety of the pleadings and briefs of counsel, the court hereby GRANTS the motion to remand. The court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, thus, is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on January 7, 2004, from the Circuit Court of Calhoun County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Anthony Cherry, admittedly a resident of Alabama, whose presence precludes removal under 23 U.S.C. § 1441. Defendants argue, however, that Mr. Cherry is fraudulently joined.

The standard for successfully removing a case from state to federal court is a high one,

and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheo de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility of establishing a cause of action against a non-diverse defendant in state court, or (b) that the plaintiff's pleading of jurisdictional facts has been made fraudulently. Cabelcata, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." Coker, 709 F.2d at 1440-41; see also Pacheo de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand.* See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

Although whether the plaintiff will be able to successfully prove Mr. Cherry's liability is unclear, this court will not speculate that the plaintiff has *no* possibility of establishing its claims

of negligence and fraud against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, this court cannot make rash decisions regarding actions made by the defendants and their resulting consequences. Nor can the court conclusively determine that the plaintiff would not be successful in urging her various theories under Alabama law.

Similarly, the court is not prepared to conclude that the plaintiff's fraud claims should be struck for lack of specificity. While the complaint is indicative of a "form" pleading, it adequately informs the defendants of the nature of the fraud.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve all doubts in favor of remand, the Plaintiff's Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Calhoun County, Alabama.

DONE and ORDERED this ___30th___ day of January, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT

SENT BY: MORRIS & MCANNALLY L.L.C.;        334 569 1821;        OCT-21-03  5:11PM;        PAGE 2

FILED

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

03 OCT 20  PM 3: 49

U.S. DISTRICT COURT
N.D OF ALABAMA

| | |
|---|---|
| PAMELA FLOYD, STACIE H. RICHARDS, and ANN RUTLEDGE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| WYETH, a corporation; STACY STUBBLEFIELD, an individual; MICHAEL T. SULLIVAN, an individual; and BETSY R.  WEAVER, an individual, | ) ) ) ) |
| Defendants. | ) ) |

Civil Action Number
03-C-2564-M

**ENTERED** 

OCT 2 0 2003

## REMAND ORDER

Because the removing Defendant has failed to carry its heavy burden of proof of fraudulent joinder, and the attendant lack of complete diversity of the parties, this case is hereby REMANDED to the Circuit Court of Marshall County, Alabama, from whence it was improvidently removed.

The costs of this action are hereby taxed against the removing Defendant.

Done this _____20th_____ day of October, 2003.

_____
Chief United States District Judge
U.W. Clemon

10

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| JOYCE BRYANT, | ) | FILED SEP 24 '02 PM 4 25 USDCALS |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 02-632-BH-M |
|  | ) |  |
| WYETH, et al, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

ORDER

This matter is before the Court on the Plaintiff's motion (Doc. 6) to remand and brief (Doc. 7) in support, Defendant Wyeth's response (Doc. 14), and Plaintiff's reply (Doc. 15). For the reasons that follow, the motion is **due to be and is hereby GRANTED**: the action is hereby **REMANDED to the Circuit Court of Marengo County, Alabama.**

I.    BACKGROUND

The Plaintiff brought this action July 18, 2002 in the Circuit Court of Marengo County, Alabama. (Complaint). Plaintiff served the summons and complaint on Defendant Wyeth on July 25, 2002. (Doc. 1, p.1). Wyeth timely filed a notice of removal on August 19, 2002, removing the action to this Court on the basis of diversity jurisdiction. *See id.* Anticipating a motion to remand, Wyeth argued in its notice (Doc. 1) of removal that the Plaintiff fraudulently joined its co-defendant, Dr. Judy Travis.

As expected, Plaintiff moved (Doc. 6) to remand pointing out that the parties are not completely diverse as Plaintiff and Dr. Travis are Alabama citizens, while Wyeth is a corporate citizen of Delaware and New Jersey. *See* (Doc. 6). In her brief in support of remand, Plaintiff argues

that remand is also proper because Dr. Travis failed to join Wyeth's notice of removal. (Doc. 7, p.3). Wyeth's response to both these contentions is the same: that Plaintiff fraudulently joined Dr. Travis, and thus, that (1) Dr. Travis's citizenship must be disregarded for purposes of diversity jurisdiction, and (2) Dr. Travis's joining in the notice of removal was unnecessary for proper removal. (Doc. 14). Wyeth is right on the law: if the Plaintiff has fraudulently joined Dr. Travis, then the Court should disregard her citizenship and nonconsent to removal to test jurisdiction. Therefore, the sole question presented to this Court is: was the Plaintiff's joining Dr. Travis fraudulent?

Plaintiff brings two causes of action against Dr. Travis, which are found in Counts Five and Six of Plaintiff's complaint. These two counts allege: (1) fraud/fraudulent concealment, and (2) medical negligence. (Complaint, Counts 5 & 6). The fraud/fraudulent concealment claim alleges that the U.S. Department of Health and Human Services recommended that all doctors prescribing the diet drugs Pondimin and Fen/Phen[1], including Dr. Travis, to advise their patients who had taken these drugs to undergo a thorough cardiovascular examination including an echocardiogram. Dr. Travis did not advise Plaintiff to be examined. After Plaintiff had an echocardiogram, she discovered, for the first time in January, 2002, that she had sustained heart valve damage, which she attributes to Pondimin. *See* (Complaint, pp. 22-24). Plaintiff's second claim, the medical negligence claim, alleges that Dr. Travis was negligent in prescribing and in continuing to prescribe Pondimin to Plaintiff for several reasons. Plaintiff argues that she discovered the injuries caused by this negligence, at the earliest, in the summer of 2001.

Based on the following legal authority, if the Court finds that Plaintiff possibly or arguably states a claim under either of her causes of action against Dr. Travis, then Plaintiff's joining Dr.

---

[1] The two drugs are so closely related that at times the parties use the names interchangeably.

2

Travis is not fraudulent, and the case must be remanded.  For this reason, the Court will only examine the more clearly arguably-viable cause of action, Plaintiff's claim against Dr. Travis for fraudulent concealment.

## II.   APPLICABLE LAW

### A.   Fraudulent Joinder

Plaintiffs who want to stay before a state court may be tempted to add a Defendant whose citizenship they share, but against whom the Plaintiff does not have a proper claim.  To thwart this tactic, courts have fashioned tests to unmask fraudulent joinder.  Even if the parties appear to be completely diverse in their citizenship, these tests empower a court to look behind the docket sheet to see if the Plaintiff has improperly added a Defendant whose citizenship he shares solely for the purpose of defeating federal jurisdiction.  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  In examining a case for fraudulent joinder, a court does not look to the plaintiff's motives, but to the propriety of the joinder.  Motives are irrelevant because it is the plaintiff's prerogative to avoid federal court: the plaintiff is master of his claim.  However, the Court must look at how the plaintiff has joined the claims and the defendants to see if the plaintiff has done anything improper in his quest to stay in state court.

To this end, the federal courts have held that joinder is fraudulent in three instances: where (1) the plaintiff cannot possibly prove a cause of action against the resident (non-diverse) defendant, (2) the plaintiff has committed "outright fraud" in pleading his jurisdictional facts, or (3) the plaintiff has joined a diverse defendant with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Triggs*, 154 F.3d at 1287.  Here, Wyeth argues that this a category

3

(1) fraudulent joinder; that is, that the Plaintiff cannot possibly prove a cause of action against Dr. Travis.

To succeed with this argument, Wyeth must show, by clear and convincing evidence, that there is not "even a possibility that a state court would find that the complaint states a cause of action against" the doctor or the clinic. *Id.; Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)[2] ("claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence"). If there is such a possibility, "the federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287, *quoting Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). Thus, this Court does not look for "a winning case against the allegedly fraudulent Defendant," but merely for the Plaintiff's pleading "a possibility of stating a valid cause of action." This does not require that the Plaintiff's cause of action be certain under state law: "even an *arguable* cause of action" will survive the "possibility" test. *See Crowe v. Coleman*, 113 F.3d 1536, 1539-40 (11th Cir. 1997) (where the Plaintiff's Georgia-law nuisance claim survived this test, even though Georgia case law was in conflict on the issue of whether the conduct in question was actionable, and the Georgia Supreme Court had not spoken on the issue). If the Plaintiff's claim is at least arguably viable under state law, joinder is legitimate. *Id.* Furthermore, "any ambiguity or doubt about the substantive state law favors remand to state court." *Id.* at 1539.

Wyeth argues that Plaintiff cannot possibly state a cause of action against Dr. Travis because

---

[2] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

Plaintiff's claims against Dr. Travis are time-barred. Therefore, the Court must examine the claims that Plaintiff raises against Dr. Travis, the applicable statutes of limitations, and the Alabama law interpreting the two.

Because the Plaintiff need only state an "arguable" claim under either of her causes of action against Dr. Travis for joinder to be not fraudulent, the Court will only examine the more clearly arguable cause of action, Plaintiff's claim against Dr. Travis for fraudulent concealment. *Cf. Adams v. American Home Products*, 122 F.Supp.2d 1301, 1303 (M.D. Ala. 2000) (where the court only examined the plaintiff's claims against one of the several defendants who were allegedly fraudulently joined, "[b]ecause American Home Products' motion fails if any Alabama citizen has not been fraudulently joined").

## B.    Plaintiff's Alabama-Law Fraudulent Concealment Claim, Generally

The Alabama Supreme Court recognizes a patient's cause of action against her doctor for fraudulent concealment. *See Johnson v. McMurray*, 461 So.2d 775, 778 (Ala. 1984). This cause of action, born in the common law, and codified at Ala. Code § 6-5-102, allows a plaintiff to sue another when that other has suppressed a material fact that he has a duty to disclose by virtue of a confidential relationship with the plaintiff. The Alabama high court has held that "the relationship between a doctor and patient is a 'confidential' one." *Id.*, citing *Hudson v. Moore*, 194 So. 147 (Ala. 1940), *other grounds superseded by statute, as stated in Ex parte Sonnier*, 707 So.2d 635, 638 (Ala. 1997).

## C.    The Statute of Limitations on Plaintiff's Alabama-Law Fraudulent Concealment Claim

Under Alabama law, all claims brought by a patient against her doctor arising out of the

doctor-patient relationship are governed by the limitations of the Alabama Medical Liability Act

("AMLA"), Ala. Code §§ 6-5-480 *et seq.*. This includes classic malpractice claims as well as claims

for medical fraud or fraudulent concealment. *See, e.g., Sonnier*, 707 So.2d at 637-38 (applying the

AMLA limitations to patient's claims that (1) her doctor had performed an unnecessary

hysterectomy, and (2) her doctor had misrepresented information about her diagnosis); *Horn v.*

*Citizens Hosp.*, 425 So.2d 1065,1070-71 (Ala. 1982) (applying the AMLA limitations provision to

a patient's claim of fraudulent concealment).

The AMLA limitations period begins running at the time the patient first suffers injury. *See*

*Adams*, 122 F.Supp.2d at 1303-04 (collecting Alabama Supreme Court cases). The limitations

provision reads, in pertinent part:

(a)    All actions against physicians...for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act...

(b)    Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, Section[] ... 6-2-3...; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission, or failure complained of...

Ala. Code § 6-5-482. As the text of the statute indicates, the AMLA provides for a two-year statute

of limitations and a four-year statute of repose. The statute also provides a discovery rule, allowing

a patient to bring an action within six months of discovering the injury, even if two years has passed

since the injury happened. § 6-5-482(a). While the two-year statute of limitations can be tolled by

the statutory discovery rule, the four-year statute of repose cannot. *Id.*

Finally, in § 6-5-482(b), the AMLA statute of limitations expressly incorporates several specific other code provisions governing statutes of limitations. Importantly, § 6-5-482(b) incorporates Ala. Code § 6-2-3, which provides: "[i]n actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." Reading the AMLA together with this fraud limitations-accrual statute, the Alabama Supreme Court has divined the following rule for limitations on medical fraudulent concealment claims: "a plaintiff should be entitled to maintain an action based on fraud or misrepresentation arising out of an act or omission by a physician *as long as that action was filed within two years of the discovery of the fraud or misrepresentation and within four years of the act or omission.*" *Trammer v. Bernstein*, 596 So.2d 572, 575 (Ala. 1991), *citing Horn*, 425 So.2d at 1070-71 (where AMLA's four-year statute of repose was not tolled by patient's discovery of doctor's fraudulent concealment).

## III.   ANALYSIS

The question of whether Plaintiff's fraudulent concealment claim is time barred is two-fold: first, the Court must determine whether Plaintiff's claim is within the two-year statute of limitations, and second, whether Plaintiff's claim is within the four-year statute of repose. The Court will take these in turn. The Plaintiff filed the instant action on July 18, 2002, and this date is the starting point for both inquiries. (Complaint, p.1).

To answer the statute of limitations question, the Court must look to the date Plaintiff

7

discovered the injury which she alleges Dr. Travis's fraudulent concealment caused.[3]  In her

complaint, Plaintiff alleges that "it was not until [she] sought assistance and underwent an

echocardiogram, that she first learned of the possible association between her medical condition and

the diet drug, Pondimin.  After undergoing this echocardiogram, [she] discovered that she had

sustained heart valve damage in January of 2002" *Id.* at p.23.  Elsewhere in her complaint, she

alleges that she first "sought assistance" sometime after she first developed the complained-of

symptoms in the summer of 2001.  *Id.* at p.27.  From either date, under the two-years-from-discovery

limitations rule of *Trammer*, Plaintiff's fraudulent concealment claim is within the two-year statute

of limitations.

To answer the statute of repose question, the Court must look back four years from July 18,

2002 and ask whether the "act or omission" giving rise to the claim happened within those four

years.  Here, since the claim is that Dr. Travis's shirked her duty to disclose her knowledge of the

health risks of the drugs Plaintiff had taken, the relevant starting point for the statute of repose is Dr.

---

[3]Plaintiff's complaint acknowledges that Pondimin was taken off the market on September
15, 1997, and that she took Pondimin sometime before that date.  (Complaint, p.22).  Defendant
argues that any injury that the Plaintiff suffered from taking Pondimin must have occurred sometime
before September 15, 1997, (Doc. 14, pp.7-8), as the Plaintiff is bound by the determination of the
U.S. District Court for the Eastern District of Pennsylvania's finding that, with Pondimin-caused
injuries, that there is no latency period between taking the drug and the onset of the injury.  (Doc.
1, Ex. 42, pp.33-34) (order certifying class and approving nation-wide class settlement in *In re Diet
Drugs Products Liability Litigation*, 2000 WL 1222042 (E.D.Pa. 2000)).  However, even assuming
that the order containing this ruling is binding on the Plaintiff, the injury that Plaintiff pleads against
Dr. Travis is different from the initial injury caused by Pondimin use.  The injury that Plaintiff's
complaint claims Dr. Travis's alleged fraudulent concealment caused her was exacerbation of the
initial injury caused by the Pondimin use.  Plaintiff states that "the injuries she sustained may have
been avoided or have been diagnosed and treated at an earlier stage to prevent further injury," and
that "the injuries for which she complains could have been altogether avoided or greatly minimized."
(Complaint, p.23).  Thus, the injury Plaintiff attributes to Dr. Travis is not the initial Pondimin-
related injury, the turn-for-the-worse that Plaintiff's initial injury took following Dr. Travis's failing
to advise Plaintiff of what Dr. Travis knew.

Travis's omission. This raises a problem: how does the Court place a date on something that never

happened? Legal authority cited in the *Horn* opinion, 425 So.2d at 1068, suggest that it may be the

date on which the physician gains actual knowledge of the material fact that the duty to disclose

arises. *Id.*, *citing* 70 A.L.R.3d 7(1976) (for the notion that it is the date on which a physician gains

actual knowledge that he has left a foreign object in a patient's body that the duty to disclose arises).

If this is the case, it would seem that failure to act immediately on that knowledge is a breach of the

duty to disclose, and that such a breach would be the "omission...complained of" which starts the

statute of repose clock. *See Trammer*, 596 So.2d at 575 (where the date of the defendant doctors'

misrepresentations were the date on which the statute of repose began to run).[4]

If indeed the relevant date is the date on which Dr. Travis actually learned about the dangers

associated with Pondimin, it is possible, even arguable, that Plaintiff has a viable claim for

fraudulent concealment against Dr. Travis. Plaintiff provides a time period in which she alleges Dr.

Travis failed to tell her of the medical information that Dr. Travis was duty-bound to share. This

time period is between "September 15, 1997," when, "following the abrupt withdrawal of fen-phen

from the market..., the US Department of Health and Human Services ("DHHS"), through the

Centers for Disease Control and Prevention and the National Institutes of Health, published written

recommendations to physicians...that 'all patients with a history of use of [the drugs] undergo a

careful history and thorough cardiovascular examination," and sometime after November 3, 1998,

when the American College of Cardiology "again published" these recommendations. (Complaint

---

[4]However, the Court is not certain that this is the rule Alabama's supreme court would employ, as the parties have cited to no authority, and the Court's own research has not revealed any precedent of that court answering this question. This uncertainty makes the Plaintiff's claim even more "arguable."

at 22). Dr. Travis could have actually learned about the drug hazards at the later end of this time period, which would be within the four-year statute of repose window.

## IV.  CONCLUSION

For these reasons, Plaintiff has at least an arguably viable cause of action under Alabama law against Dr. Travis for fraudulent concealment, and thus Plaintiff's joining Dr. Travis was not fraudulent. Because Dr. Travis is not a fraudulently joined party, her citizenship must be considered for diversity-jurisdiction purposes. As both she and the Plaintiff are Alabama citizens, there does not exist diversity jurisdiction, the Plaintiff's motion to remand is **due to be and is hereby GRANTED** and this action is **hereby REMANDED to the Circuit Court of Marengo County, Alabama.**

SO ORDERED this ___ day of September, 2002

SENIOR DISTRICT JUDGE

10