JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 13 2009

FILED
CLERK'S OFFICE



MDL 1203

PLEADING NO. 2901

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**MDL No. 1203** IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION

Benjamin C. Riggs, Jr., etc. v. Wyeth, Inc.. et al.;   -)
D. Rhode Island, C.A. No. 1:09-252              )

## MOTION TO VACATE CTO-185

Benjamin C. Riggs, Jr., Plaintiff pro se in the above captioned action, which is included on the Conditional Transfer Order (CTO-185), hereby submits his Motion to Vacate CTO-185. His brief in support of the Motion, with Exhibit, is attached.

_____   Dated 5/11/2009
Benjamin C. Riggs, Jr.
15-D Harrington Street
Newport, RI 02840
Tel. 201/859-1475
Fax 401/846-1032
rmcriggs@earthlink.net

Counsel pro se for Benjamin C. Riggs, Jr., d/b/a Resource Management Company

OFFICIAL FILE COPY   IMAGED AUG 13 2009

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 3 2009

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**MDL No. 1203** IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION

Benjamin C. Riggs, Jr., etc. v. Wyeth, Inc.. et al.;  -)
D. Rhode Island, C.A. No. 1:09-252            )

## BRIEF IN SUPPORT OF MOTION TO VACATE CTO-185

Benjamin C. Riggs, Jr., Plaintiff pro se in the above captioned action, hereby submits his Brief in support of his Motion to Vacate CTO-185, with Exhibit, as follows:

SUMMARY:

1. <u>There are no common questions of subject matter here</u>. This is not a Fen-Phen product liability case.

2. <u>There are no common questions of fact here.</u> This matter involves the specific actions of the two defendants, their law firms, and two other unrelated parties.

3. <u>The MDL venue would not be a forum conveniens.</u> The Plaintiff is in Rhode Island, as is a significant potential witness, HCH Enterprises, LLC.

4. <u>There is no evidence that any similar case has been included.</u>

1

BACKGROUND OF LITIGATION (also shown in the Complaint):

1. On August 25, 2006 Benjamin C. Riggs, jr., d/b/a Resource Management Company ("RMC") served notice to the AHP Settlement Trust ("AHP") directly, and on October 2, 2006, to Wyeth in care of BrownGreer PLC, of its valid and continuing security interest and lien on all attorney's fees on certain Fen-Phen claims on which Frank Gregory, Esq. of 3825 NW 23rd, Suite C, Oklahoma City, OK 73107 was attorney of record in actions pending against Wyeth. All responses failed to comply with RMC's request or reveal what action had been taken and might be taken.

2. As described in RMC's letters, the fees from these cases had been purchased by RMC in a Purchase Agreement ("PA") dated January 31, 2003 (a copy was enclosed). Additionally, it was noted that RMC had given notice to Mr. Gregory that he was in default as defined in the PA, that he had wrongfully converted funds belonging to RMC to his own use, and that he had stated he did not intend to abide by the Agreement in any way in the future.

3. The PA referred to 67 cases in Exhibits A&B (a list was attached), which were originally referred to Petroff & Associates of Dallas, Texas, as attorney of record, with whom RMC's lien on referral fees due Gregory was originally filed and acknowledged. Mr. Petroff retained 20 of those cases, and responsibility for those fees, while subsequently returning the others to Mr. Gregory, which in turn prompted RMC's notices to Wyeth/AHP.

4. RMC later brought a civil action against Gregory in the amount owed per the PA of $580,000, plus interest and costs, which Gregory removed to the U.S. District Court for New Hampshire, docket no. 2006-cv-366. RMC served a document subpoena on AHP on June 12, 2007. On June 15, 2007, AHP's counsel produced for the first

2

time a summary to RMC showing that AHP had paid $519,790.38 on the listed cases to Mr. Gregory and on his behalf to American Asset Finance ("AAF") in New Jersey. In the case of AAF, these payments were based on a similar arrangement and lien as RMC's, but they had been executed more than three years after RMC's. (AAF is in a similar business as RMC, advancing funds to attorneys in return for an assignment of contingency receivables.) Subsequent to RMC's lien notices to Wyeth and AHP, AHP had ignored them and continued to pay out $326,160.93 to Mr. Gregory and AAF. In addition, neither Wyeth nor AHP had disclosed the existence of AAF's purported lien to RMC, nor the fact that AHP was continuing to make payments to AAF of the same funds claimed by RMC. In fact, RMC's subsequent letter to BrownGreer dated January 17, 2007, asking for updated information, was rebuffed.

5. Subsequent to notice to AHP of the civil suit against Gregory by means of correspondence and the afore-mentioned subpoena, AHP again, on September 10, 2008, attempted to arrange to pay additional fees (that were subject to RMC's security interest) directly to Gregory and/or his estate without any notice to RMC. Mr. Gregory died on September 2, 2007. The assets of the Estate were certified to have been less than $50,000. RMC then filed this action against Wyeth and AHP.

6. The Plaintiff is a resident of Rhode Island; Defendant Wyeth is headquartered in New Jersey and has a place of business in Rhode Island; AHP is headquartered in Pennsylvania and does business in Rhode Island. Jurisdiction in U.S.D.C, Rhode Island is authorized by 28 U.S.C. § 1332.

7. Wyeth filed a timely Answer to this action in U.S.D.C. Rhode Island. AHP did not, and a Motion for Judgment by Default is pending there.

3

ARGUMENTS:

1. <u>There are no common questions of subject matter here</u>. The MDL was primarily created to coordinate discovery in thousands of similar product liability cases. This is a suit against both Wyeth and the AHP Settlement Trust alleging fraud, negligence, conspiracy, breach of fiduciary duty, and tortious interference with contract in connection with the Defendant's payment of funds belonging to RMC to a third party after notice from RMC, and their concealment of these actions both before and after the fact.

2. <u>There are no common questions of fact here.</u> While there may have been other claims against the Defendants for breach of fiduciary obligations with respect to payment of legal fees, this set of circumstances is unique to this case. It is not a dispute over the amount of fees called for under the Fen-Phen Class Action Settlement, and <u>it is not governed by Pretrial Order 1415</u> in that litigation because the Plaintiff here was not a party to the "settlement", nor a supplier of services to any of the case plaintiffs ("class members").

3. <u>The MDL venue would not be a forum conveniens.</u> The Plaintiff is in Rhode Island, as is a significant potential witness, HCH Enterprises, LLC, who appears to have been responsible for managing the relevant information concerning claims for legal fees for AHP. Their personnel are expected to be witnesses in this matter. (See **Exhibit A,** 2 pages, attached, showing their relationship with AHP.)

4. <u>There is no evidence that any similar case has been included.</u> The requirements of 28 U.S.C. § 1407 and Rules for Procedure for the Judicial Panel on Multidistrict

4

Litigation that two civil cases with common questions be pending before two federal district courts has not been met.

CONCLUSION:

Transfer of this matter would not meet the requirements of 28 U.S.C. § 1407, would not be an efficient use of judicial resources, and would be inconvenient to the Plaintiff and the main non-party witnesses involved.

THEREFORE:

It is respectfully requested that this Motion to Vacate be granted.

_____            Dated  8/11/2009
Benjamin C. Riggs, Jr.
15-D Harrington Street
Newport, RI 02840
Tel. 201/859-1475
Fax  401/846-1032
rmcriggs@earthlink.net

Counsel pro se for Benjamin C. Riggs, Jr., d/b/a Resource Management Company

5

<017>

EXHIBIT A
2 pgs.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 3 2009

FILED
CLERK'S OFFICE

# 2008 Company Profile



35C Lark Industrial Parkway
Greenville, Rhode Island 02828

Rhode Island *RIMBE:* Minority Business Enterprise
Massachusetts MBE & DBE: Minority Owned Business Enterprise
& Disadvantaged Business Enterprise



Seaport IIe contract N00178-07-D-5087

**SBA**
8(a) Small Disadvantaged Business

Cage Code: 3Z6K6   **GSA**
FSS IT Schedule 70: GS-35F-0321S

## Meet a few of our Clients

HCH Enterprises, LLC client base consists of small to medium businesses, ranging in size of up to five hundred employees and generate annual revenue of approximately one hundred million dollars. Our geographic reach consists of the entire Northeast U.S. including New York, New Jersey, Pennsylvania and Washington DC, and also Florida, Texas, and Ohio.

**AHP Settlement Trust**
- The Trust has been established by order of the United States District Court for the Eastern District of Pennsylvania to administer the Claims and payments of benefits to class members who have registered under the Nationwide Class Action Settlement Agreement with American Home Products Corporation (the "Settlement Agreement") dated November 18, 1999, as amended.
- AHP Settlement Trust has been a client of HCH Enterprises, LLC since January 2002. HCH provides ongoing Best Practices for Information Security, Network Management and Systems Administration Support for AHP Settlement Trust. We provide consulting services to the Senior Staff during annual IT Audits performed by outside accounting and auditing firms. Since 2001 HCH has delivered high availability designs/implementations and management of the infrastructure as it grew from a single location to a multi-site location connected via an MAN connected OC/3. This involved the support of network expansion from 25 to over 500 desktop users spanning multiple locations. Technical support and security of the Microsoft SQL 2000 based claims management application was also the responsibility of HCH.

**Ventus Networks**
- Ventus Networks provides a full suite of advanced telecommunication networking solutions, from a comprehensive portfolio of local-to-global business data, cellular (wireless) data, Internet and voice services with the best in class customer service in the industry. Ventus Networks is located in Norwalk, Connecticut.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 3 2009

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**MDL No. 1203** IN RE: DIET DRUGS
(PHENTERMINE/FENFLURAMINE/
DEXFENFLURAMINE) PRODUCTS
LIABILITY LITIGATION

Benjamin C. Riggs, Jr., etc. v. Wyeth, Inc.. et al.; -)
D. Rhode Island, C.A. No. 1:09-252        )

## CERTIFICATE OF SERVICE

## MOTION TO VACATE CTO-185

I certify that I mailed today on the ___11 +4___ of August, 2009 a true copy of the above-described Motion by prepaid USPS mail to the recipients named on the attached Involved Counsel List. In addition, a copy was mailed to:

Harvey A Sernovitz, Esq.
Two Penn Center Plaza, Suite 910
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
*Local counsel for AHP Settlement Trust*

Clerk
U.S. District Court
One Exchange Terrace
Providence, RI 02903
Re: *Benjamin C. Riggs, Jr. d/b/a Resource Management Company v. Wyeth, Inc. & AHP Trust,* 1:09-cv-00252-ML-DLM

_____
Benjamin C. Riggs, Jr.
15-D Harrington Street
Newport, RI 02840
Tel. 201/859-1475
Fax 401/846-1032

IN RE: DIET DRUGS (PHENTERMINE/
FENFLURAMINE/DEXFENFLURAMINE)
PRODUCTS LIABILITY LITIGATION                         MDL No. 1203

## INVOLVED COUNSEL LIST (Excerpted from CTO-185)

Benjamin C. Riggs, Jr., etc. v. Wyeth, Inc., et al., D. Rhode Island, C.A. No. 1:09-252
(Judge Mary M. Lisi)

Nina M. Gussack
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-2799

Arnold Levin
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street
Suite 500
Philadelphia, PA 19106-3697

Edward W. Madeira, Jr.
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Street
Philadelphia, PA 19103-2799

Peter L. Resnik
MCDERMOTT WILL & EMERY LLP
28 State Street, 33rd Floor
Boston, MA 02109-1775

Benjamin C. Riggs, Jr.
15-D Harrington Street
Newport, RI 02840

Michael T. Scott
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301

Joseph K. Scully
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103

Edward S. Weltman
GOODWIN PROCTER LLP
The New York Times Building
260 Eighth Avenue
New York, NY 10018