IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO ALL CASES ) ) ) | |

**PRETRIAL ORDER NO. 9493**

On December 10, 1997, the Judicial Panel on Multidistrict Litigation ("JPML") designated this Court as the transferee court for In Re: Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Products Liability Litigation, MDL No. 1203 ("MDL 1203"). The JPML subsequently transferred thousands of cases to MDL 1203, for the purpose of coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Shortly after the transfer of cases to MDL 1203, the Court established the Plaintiffs' Management Committee ("PMC") to coordinate discovery and other activities. At various times during the litigation, the Court also appointed separate defense liaison counsel to represent certain groups of defendants. In 1998, the Court further established certain requirements for conducting discovery in MDL 1203, which included various discovery obligations and guidelines for the completion of fact and expert discovery. The PMC also developed and maintained a

document depository that contains millions of pages of documents produced by both plaintiffs and defendants in MDL 1203, which was available to the transferor courts following remand. After several years of discovery, in May 2001, the Court created a remand program for the purpose of transferring cases in which the parties had completed discovery back to their transferor courts for trial.

In or about April 1999, the PMC, counsel for various state and federal plaintiffs and Wyeth[1] began negotiating a nationwide settlement. Ultimately, the parties executed the Nationwide Class Action Settlement. On August 28, 2000, the Court certified the settlement class and approved the Settlement Agreement ("Settlement Agreement"), which achieved final judicial approval on January 3, 2002. The Court later approved several amendments to the Settlement Agreement. Through the Settlement Agreement, thousands of claimants who did not opt out of the settlement received certain benefits.

There are currently no active cases pending in MDL 1203. In light of this fact as well as the fact that no new cases have been transferred to MDL 1203 since 2015, this Court finds that MDL 1203 has fulfilled the objectives set forth in 28 U.S.C. § 1407 and dissolution of MDL 1203 is appropriate.

---

1. Prior to March 11, 2002, Wyeth was American Home Products Corporation. In 2009, Pfizer, Inc. acquired Wyeth.

Therefore, this Court suggests that MDL 1203 is functionally concluded. It is therefore ORDERED that MDL 1203 is hereby dissolved. The Court reserves continuing and exclusive jurisdiction over the Parties to administer, supervise, interpret, and enforce the Settlement Agreement in accordance with its terms and to supervise the operation of the Settlement Trust.

It is further ORDERED that:

(1) The Clerk of this Court is directed to file a copy of this Order in the general docket for MDL No. 1203; and

(2) The Clerk of this Court is directed to provide a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation.

BY THE COURT:

*/s/ Harvey Bartle*, J.

Dated: October 27, 2017